## LANDRINGHAM *v.* The State.

CRIMINAL LAW.—*Constitutional Law.*—*Indictment.*—In the act (2 G. & H. 455) defining what shall constitute combining for the purpose of committing a felony, and fixing penalties therefor, the proviso that it shall not be necessary in the indictment to charge the particular felony which it was the purpose or object of the persons combining to commit is unconstitutional, against natural law, and void.

SAME.—*Conspiracy.*—*Robbery.*—*Pleading.*—The averments of an indictment for combining to commit a robbery should be as specific and full in describing the robbery as in an indictment for that felony; and to charge a combining for the purpose of taking from the person forcibly and feloniously is not sufficient, but it is necessary, also, to allege that it was to be done "by violence" or "putting in fear."

SAME.—*Overt Act.*—It is well settled that, to constitute the offence of conspiracy, it is not necessary that any act should be done in pursuance of the conspiracy.

From the Marion Criminal Circuit Court.

*S. A. Huff, J. W. Nichol*, and *F. J. Mattler*, for appellant.

*C. A. Buskirk*, Attorney General, and *J. M. Cropsey*, Prosecuting Attorney, for the State.

BUSKIRK, C. J.—The appellant was indicted and convicted under the following statute:

"Sec. 1. Be it enacted by the General Assembly of the State of Indiana, that any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, or any person or persons who shall knowingly unite with any other person or persons, or body, or association or combination of persons, whose object is the commission of a felony or felonies, shall be guilty of a felony and upon conviction shall be fined in any sum not exceeding five thousand dollars, and be imprisoned in the state prison not less than two, nor more than twenty-one years: Provided, that in any indictment under this section, it shall not be necessary to charge the particular felony which it was the purpose of such person or persons, or the object of each [such] person or persons, or body, association or combination of persons to commit."

The indictment was as follows:

" The grand jurors for the county of Marion, and State of Indiana, upon their oath present that James Landringham, on the 12th day of November, A. D. 1874, at and in the county of Marion, and State aforesaid, did unlawfully and feloniously unite, combine, and conspire with Thomas King, for the purpose of making an assault upon one Thomas J. Barlow, and for the purpose and with the intent then and there of feloniously and forcibly taking from the person of the said Barlow ten United States treasury notes, of the denomination of ten dollars each and of the value of ten dollars each, ten national bank notes, of the denomination of ten dollars each and of the value of ten dollars each, twenty United States treasury notes, of the denomination of five dollars each and of the value of five dollars each, and twenty national bank notes, of the denomination of five dollars each and of the value of five dollars each, all of said notes being the personal goods of said Barlow, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Motions were made and overruled to quash the indictment and in arrest of judgment, and these rulings are assigned for error, and present for our decision the question, whether the indictment is sufficient. If the above quoted act is valid in all of its parts, then it was not necessary to charge or even to name the felony intended to be committed; for it is expressly declared in the proviso that it shall not be necessary to charge the particular felony which it was the purpose of such person or persons, or the object of such person or persons, or body, association, or combination of persons to commit. We are very clearly of the opinion that the proviso is in conflict with the constitution, and against natural right, and hence is absolutely void. If the indictment need not charge the particular felony intended to be committed, the accused would have no means of knowing, before the trial commenced, what offence he was charged with, and consequently would have no opportunity of preparing for his defence. The question was so fully considered by this court in the case of *McLaughlin* v. *The*

*State,* 45 Ind. 338, that we do not deem it necessary to re-argue or re-state it.

The proviso being void, it was necessary for the indictment to charge the particular felony which the appellant had conspired, united, or combined to commit; and this leads us to inquire whether the indictment does properly charge any particular felony. It obviously would not be sufficient to name the particular felony intended, but the indictment should contain averments sufficient to show what particular felony the accused had united and combined to commit. The averments should be as specific and full as in an indictment charging the commission of such felony. It was evidently the purpose of the draughtsman to charge the appellant with uniting and combining with Thomas King to commit a robbery, but we think such offence is not sufficiently charged. The statute thus defines the crime of robbery : " Every person who shall, forcibly and feloniously, take from the person of another any article of value by violence, or putting in fear, shall be deemed guilty of robbery." 2 G. & H. 442, sec. 18. The indictment should have used the words "by violence " or " putting in fear." Bicknell Crim. Prac. 319 ; 2 Arch. Crim. Pr. & Pl. 417, 418 ; *Seymour* v. *The State,* 15 Ind. 288.

It is contended by counsel for appellee that the use of the word " forcibly" dispenses with the use of the words " by violence" or " putting in fear." The statute and approved forms use both words " forcibly " and " by violence."

The court instructed the jury that it was unnecessary for the indictment to charge any particular felony which the appellant had united and combined to commit. The jury must have understood from such charge that it was not necessary for the State to prove any particular felony.

The appellant asked the court to charge the jury that there could be no conviction, unless it was proved that he had committed some overt act to carry out the purpose contemplated by the conspiracy. It is well settled, that it is not necessary, to constitute the offence of conspiracy, that any act should be done in pursuance of the conspiracy. See 4 Chitty's Black-

stone, top page 98, side p. 136, and note 31, and authorities there cited.

The judgment is reversed, with costs; and the cause is remanded for further proceedings in accordance with this opinion; and the clerk will give immediately the necessary notice for the return of the prisoner.