IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1875, IN THE SIXTIETH
YEAR OF THE STATE.

---

THE STATE v. McKINSTRY.

INDICTMENT.—*Combination to Commit Felony.*—An indictment under the statute defining combinations to commit felonies (2 G. & H. 455) must specify the felony which was purposed.

SAME.—An indictment under such statute, charging a combination unlawfully to prevent the course of justice, and secure the acquittal of a certain person charged with a criminal offence, is insufficient, though perjury is shown to be the means by which it was proposed to accomplish the purpose.

From the Elkhart Circuit Court.

*C. A. Buskirk*, Attorney General, *W. C. Glasgow*, Prosecuting Attorney, and *J. M. Vanfleet*, for the State.

WORDEN, J.—This was an indictment, which, after the proper entitling, is as follows:

"The grand jury for the county of Elkhart, upon their oaths,

VOL. L.—30

do charge and present that heretofore, to wit, at the September term, 1874, of the said Elkhart Circuit Court, a certain criminal prosecution was pending in due form of law against one Frank McKinstry, on an information based on an affidavit, charging, in substance, said McKinstry with having, in a public place, in the town of Elkhart, in said county, kept and maintained a public nuisance, to wit, a notorious house of ill-fame and prostitution, on which information a warrant had been issued, and the said Frank McKinstry had been arrested by the sheriff of said county, and placed under bonds and recognizance for his appearance at the trial of said cause; that the said Frank McKinstry, Wilson Hitesman, James Kelly, George W. Holmes, Nettie Clark, and Mary Pratt, being persons of evil minds and dispositions, and intending to prevent the course of justice by procuring the acquittal of said McKinstry, whom they knew to be guilty of the charge contained in said information, at the county aforesaid, on the 1st day of September, 1874, did unlawfully and feloniously unite, combine, conspire, confederate, and agree together, between and amongst themselves, that by means of wilful, corrupt, and false testimony, and perjury of each of said defendants, to be given in evidence on the trial of said cause, unlawfully to prevent the course of justice and secure the acquittal of said McKinstry of the charges contained in said information, each of said partie s then and there well knowing that said McKinstry was guilty of all of the charges contained in said information."

There was a second count in the indictment, but as to that no question is raised, it having been *non prossed* by the prosecuting attorney. The count above set out was quashed, on motion of the defendants, and the prosecutor excepted.

The question arises, whether the count was properly quashed. It was based upon the following statutory provision, 2 G. & H. 455:

"Be it enacted," etc., " that any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, or any person or persons who shall knowingly unite with any other person or persons, or

body, or association or combination of persons, whose object is the commission of a felony or felonies, shall be guilty of a felony," etc.

This statute creates two distinct offences: 1. Uniting or combining for the purpose of committing a felony; and, 2. Knowingly uniting with any other person or persons, etc., whose object is the commission of a felony or felonies. The indictment in this case evidently attempts to charge the first, and not the second, of these offences.

If we are to assume that, by the indictment, the defendants were charged with having united and combined for the purpose of committing the crime of perjury, the question would arise whether the case would be within the statute; in other words, whether the statute does not contemplate such felonies only as may be committed jointly by such union or combination of persons, and not such felonies as are in their nature several, like perjury, and cannot be jointly committed. We do not pass upon this question, it not being necessarily involved.

It is necessary, in an indictment under this statute, to specify the felony which was purposed. *Landringham* v. *The State,* 49 Ind. 186. It will be seen by an examination of the indictment, that the alleged purpose of the union and combination was, not the commission of perjury, but if any purpose was charged, it was " unlawfully to prevent the course of justice, and secure the acquittal of said McKinstry of the charges contained in said information." Perjury, to be sure, was the means to have been employed to accomplish the purpose, but the alleged purpose was that above stated. The alleged purpose of the union and combination was no felony. We have no felonies, treason perhaps excepted, nor, indeed, crimes of any description except such as are defined by statute. The indictment does not charge the union and combination to have been for the purpose of committing any felony, and therefore does not charge any offence. It was correctly quashed.

The judgment below is affirmed.