## SCUDDER v. THE STATE.

|    |     |
|----|-----|
| 62 | 13  |
| 142 | 277 |
| 62 | 13  |
| 154 | 179 |
| 62 | 13  |
| 157 | 102 |

CRIMINAL LAW.—*Conspiracy.—Burglary.—Larceny.— Indictment.*—An indictment, charging the defendant with having unlawfully conspired with others to burglariously enter the storehouse of another, with the intention of committing a larceny of the goods of the latter, charged that it was " with the intent, the moneys," etc., " of," etc., " then and there being, to steal, take and carry away."

*Held,* that, for want of the word " feloniously," as a qualification of the term " steal," etc., the indictment is insufficient.

From the Jefferson Circuit Court.

*H. W. Harrington* and *A. G. Howe,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. F. Bellamy,* Prosecuting Attorney, for the State.

HOWK, J.—At the November term, 1877, of the Jefferson Circuit Court, to wit, on the 2d day of January, 1878, the appellant and two other persons were jointly indicted by the grand jury of said court and term.

Omitting the venue, the title of the cause, and the signa-

ture of the prosecuting attorney, said indictment was as follows:

"The grand jurors for the county of Jefferson upon their oath present, that Edward D. Scudder, George Scott and Jacob Batchell, on the 25th day of December, A. D. 1877, at said county of Jefferson, did unlawfully and feloniously unite, combine, conspire and agree together and among themselves, and each of them with the others, for the purpose of feloniously and burglariously breaking and entering, in the night-time, into the storehouse of one Frederick W. Hoblizel, then and there situate, with the intent, the moneys, goods and chattels of the said Frederick W. Hoblizel then and there being, to steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The appellant, Edward Scudder, moved the court to quash said indictment, which motion was overruled, and to this ruling he excepted. Upon arraignment on said indictment, the appellant, for plea thereto, said, that he was not guilty. The issues joined were tried by a jury, and a verdict was returned, finding the appellant guilty, as charged in the indictment, and assessing his fine at five dollars, and imprisonment in the State's prison for the term of six years. The appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered on the verdict.

In this Court, the appellant has assigned the following errors:

1. The indictment does not contain facts sufficient to constitute a criminal offence; and,

2. The court erred in overruling the appellant's motion to quash the indictment.

These two alleged errors may well be considered together; for, obviously, if the first error is well assigned,

so also is the second error. If the indictment did not state facts sufficient to constitute a public offence, then it is clear that the court erred in overruling the appellant's motion to quash the indictment. It was evidently intended, in and by the indictment in this case, to charge the appellant and his co-defendants with the commission of one of the felonies which are defined in an act entitled "An act defining what shall constitute certain felonies, and fixing the penalties therefor," approved May 31st, 1861, 2 R. S. 1876, p. 451. Omitting the enacting clause, and the section declaring an emergency, this act provided as follows:

" That any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, or any person or persons who shall knowingly unite with any other person or persons, or body, or association or combination of persons, whose object is the commission of a felony or felonies, shall be guilty of a felony, and upon conviction shall be fined in any sum not exceeding five thousand dollars, and be imprisoned in the State's prison not less than two, nor more than twenty-one years : *Provided*, That in any indictment under this section, it shall not be necessary to charge the particular felony which it was the purpose of such person or persons, or the object of each [such] person or persons, or body, association or combination of persons to commit."

It will be seen from the language of this act, that it defines two distinct offences or felonies. By the indictment in the case now before us, it was clearly intended and attempted to charge the appellant and his co-defendants with the commission of the first offence defined in said act, namely, the unlawful uniting and combining together of the appellant and his co-defendants, for the purpose of committing a burglary. The statute in question has been carefully considered by this court, in the case of *Landringham* v. *The State*, 49 Ind. 186, and also in the case of *The*

*State* v. *McKinstry*, 50 Ind. 465. In each of the cases cited, it was held by this court that the proviso in said statute, to the effect that it should not be necessary, in any indictment under said act, " to charge the particular felony" which it was the purpose of the person or persons uniting or combining to commit, " is in conflict with the constitution, and against natural right, and hence is absolutely void." We concur in these decisions; and they are directly applicable to and decisive of the case now before us.

In this case, it was intended and attempted to charge the appellant and his co-defendants with the felony of uniting and combining together, each with the others, for the purpose of committing a burglary. The statutory definition of burglary is, that it is the breaking and entering, in the night-time, into a mansion house, storehouse, etc., "with the intent to commit a felony." 2 R. S. 1876, p. 431, sec. 17. It will be observed, that the intent to commit a felony is an essential part of this definition of burglary; and therefore it is indispensably necessary, as it seems to us, that, in charging a person with the offence of burglary, the felony which it was his intent to commit should be set forth and described with as much clearness and legal precision, as if the indictment were predicated solely upon that particular felony. In the indictment now before us, it was manifestly the intention of the prosecuting attorney to charge the appellant and his co-defendants with unlawfully uniting and combining together, for the purpose of breaking and entering, in the night-time, into the storehouse mentioned, with the intent to commit a larceny. But, in charging the intent to commit the larceny, the pleader did not conform to the statutory definition of a larceny, by using the words of the statute, or words of like import and meaning. In this particular, the indictment charged the intent as follows : " with the intent the moneys, goods and chattels of the said Frederick W. Hoblizel then and there

being, to steal, take and carry away," instead of "to *feloniously* steal, take and carry away," in accordance with the statutory. definition of a larceny. 2 R. S. 1876, p. 432, sec. 19. It will thus be seen, that in the description of the intended larceny, which it was the intent, as alleged, of the appellant and his co-defendants to commit, the word *feloniously*, which qualified and rendered criminal the intended act, was omitted therefrom. This omission, in our opinion, vitiated the indictment, and for this reason we hold, that the court erred in overruling the appellant's motion to quash the indictment.

The judgment is reversed, and the cause is remanded with instructions to sustain the appellant's motion to quash the indictment. The clerk of this court will issue the proper notice for the return of the appellant to the sheriff of Jefferson county.