Smith *v.* The State.

Filed Jan. 24, 1884.

---

No. 11,387.

SMITH *v.* THE STATE.

CRIMINAL LAW.—*Conspiracy.— Burglary.—Larceny.—Information.*—An information founded on sec. 2139, R. S. 1881, for conspiring to commit burglary with intent to steal, which fails to charge the intent to "*feloniously* steal," etc., is bad on motion to quash.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord, F. D. Merritt,* Prosecuting Attorney, and *W. J. Davis,* for the State.

NIBLACK, J.—This was a prosecution against Edward Markett and George S. Smith upon affidavit and information, under section 2139, R. S. 1881. See also section 1929. The affidavit charged these persons with having knowingly and feloniously united, combined and conspired with each other for the purpose of then and there feloniously, in the night time, breaking and entering the dwelling-house of one Herman Zimmerman, then and there situate, "with the intent, then and there, to steal, take and carry away the personal goods and chattels of said Herman Zimmerman, then and there situate, to wit, money, the particular coin, notes, bills or currency, and the value of which is unknown to this affiant."

The information followed the affidavit in its description of the offence intended to be charged.

The defendants moved to quash both the affidavit and information, but their motion was not sustained as to either one of those pleadings.

The defendants then severed in their defences, and, Smith being first placed upon trial, a jury found him guilty as charged, fixing his punishment at a fine of $25 and imprisonment in the State's prison for the term of three years, and judgment followed upon the verdict.

The first question made upon this appeal is upon the alleged insufficiency of the affidavit, and the objection urged to the affidavit is its failure to charge that the intention of the defendants was to *feloniously* steal, take and carry away the personal goods and chattels of Zimmerman.

The word *steal* has several shades of meaning, and its precise meaning in each particular case is made to depend either upon the qualifying words accompanying it, or the connection in which it is used. Every wrongful and even clandestine taking of the property of another does not necessarily constitute a larceny. To make such a taking larceny, it must also be *felonious;* that is to say, intentional, perfidious, without the claim of right, and in utter disregard of the rights of the owner, or *animo furandi,* as some of the text-writers

Smith *v.* The State.

express it. This distinction had its origin in the common law, and has been perpetuated by all of the statutes of this State defining the crime of larceny, both grand and petit. R. S. 1881, sections 1933, 1934; Moore Crim. L., section 909 and notes; 2 Bishop Crim. Proc., sections 736, 737; 2 Archbold Crim. Pr. 1183; 2 Wharton Crim. L., section 1769; 2 Russell Crimes, 146.

In charging the crime of larceny the property must therefore be alleged to have been feloniously taken. This is a long and firmly established rule of criminal pleading.

It has been held by this court that in charging a conspiracy to commit a felony, the particular felony intended to be committed must be described with the same substantial accuracy as would be necessary in an indictment for the commission of the felony after the intention to commit it had been consummated. *Landringham* v. *State,* 49 Ind. 186; *State* v. *McKinstry,* 50 Ind. 465. In its general scope and application, that is doubtless the correct rule in the class of cases to which this belongs. Tested by these rules of criminal pleading, the affidavit and information were each materially defective, and the motion to quash them both ought to have been sustained.

The conclusion we have reached as to the affidavit and information in this case is fully sustained by the case of *Scudder* v. *State,* 62 Ind. 13.

The insufficiency of both the affidavit and information renders it unnecessary for us to consider some other questions reserved at the trial.

The judgment is reversed, and the cause remanded for further proceedings.

The clerk will give the usual notice for the return of the prisoner to the custody of the sheriff of Elkhart county.

Filed Jan. 24, 1884.