## BARNHART v. THE STATE.

[No. 19,086.    Filed February 15, 1900.]

CRIMINAL LAW.—*Burglary.*—*Indictment.*—An information charging that defendant did then and there unlawfully, feloniously, and burglariously in the night-time, break and enter into the barn of F. with intent then and there feloniously and burglariously to take, steal, and carry away certain pieces of meat then and there situate, said meat being then and there of the value of $3, contrary, etc., is bad for failing to allege that the meat was the property of another than the accused.

From the De Kalb Circuit Court.    *Reversed.*

*L. J. Blair* and *P. V. Hoffman*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores, C. C. Hadley, Willis Rhoads* and *J. E. Pomeroy*, for State.

BAKER, J.—Appellant was convicted of burglary. He assigns that the court erred in overruling his motions in arrest of judgment and for a new trial.

The information charges that appellant, on April 8, 1899,

at De Kalk county, Indiana, "did then and there unlaw-
fully, feloniously and burglariously in the night-time, break
and enter into the barn of one Frank Fiske then and there
situate, with intent then and there feloniously and burgla-
riously to take, steal and carry away certain pieces of meat
then and there situate, said meat being then and there of
the value of three dollars, contrary" etc. Is a public
offense stated with sufficient certainty to withstand the
motion in arrest?

Burglary is defined in these words: "Whoever, in the
night-time, breaks and enters into any * * * barn
* * *, with intent to commit a felony, is guilty of bur-
glary." §2002 Burns 1894, §1929 R. S. 1881 and Horner
1897. And petit larceny: "Whoever shall feloniously steal,
take and carry, lead, or drive away the personal goods of
another, of the value of any sum less than twenty-five dol-
lars, is guilty of petit larceny." §2007 Burns 1894, §1934
R. S. 1881 and Horner 1897. Petit larceny, by the statutes
of this State, is a felony. *Short* v. *State*, 63 Ind. 376. In
the information under consideration the breaking and entry
are sufficiently stated; but these do not constitute burglary.
That crime is committed only when the breaking and entry
are done "with intent to commit a felony". The particular
felony intended should be stated. The general charge "with
intent to commit a felony" is not such a description as would
enable the defendant to plead his conviction or acquittal in
bar of another prosecution for the same offense. *People* v.
*Nelson*, 58 Cal. 104; *State* v. *Lockhart*, 24 Ga. 420; *State*
v. *Williamson*, 3 Heisk. (Tenn.), 483; *Portwood* v. *State*,
29 Tex. 47. It would be adequate, at least as against a
motion in arrest, to allege that the defendant broke and
entered into the building "with intent to commit larceny
therein." *People* v. *Shaber*, 32 Cal. 36; *State* v. *Jennings*,
79 Iowa 513, 44 N. W. 799. But if the intent be not so
laid, the pleader should aver that the defendant broke and
entered with intent to do certain things, the doing of which

is denounced by the statute as a felony. If a crime—for example, conspiracy to commit a felony,—is not complete without the performance of certain acts "with intent to commit a felony", the *elements* of the intended felony must be fully disclosed, so that the court may see that a public offense is in fact charged. *Landringham* v. *State*, 49 Ind. 186; *State* v. *McKinstry*, 50 Ind. 465; *Scudder* v. *State*, 62 Ind. 13; *Miller* v. *State*, 79 Ind. 198; *Smith* v. *State*, 93 Ind. 67; *McKee* v. *State*, 111 Ind. 378; *Musgrave* v. *State*, 133 Ind. 297. But, manifestly, the pleading of an intended felony as an element of some other crime is a very different thing from pleading the intended felony as a committed felony for which the defendant is to be tried. In the case of a breaking and entry with intent to commit larceny, the crime of burglary is complete whether the one who broke and entered effectuated his intent to commit larceny or not. If he accomplished his larcenous purpose and were being held to trial for larceny, the indictment or information, to be sufficient, must contain, among other things, a description of the property and state the value thereof and the name of the owner. And this is so, not because that species of the genus felony might not be otherwise described, but because the defendant is entitled to such a particularization of the individual instance of the species larceny as will protect him from a second prosecution for the same offense. "Feloniously to steal, take and carry away one pair of boots of the value of $5, belonging to John Smith," is not a statement of the elements of larceny in general, but does denote a particular case of that crime. Larceny in general is committed whenever one "feloniously steals, takes and carries away the personal goods of another". Now, if the one who breaks and enters does not carry out his larcenous design, how can the pleader give the particulars of the felony intended but not committed? How can he describe the goods, state the value and name the owner, if the building contain many articles, of various values, of divers

owners? And it has been held by this court that indict-ments for burglarious breakings and entries with larcenous intent were sufficient that failed to describe the goods or state the value. *Hunter* v. *State*, 29 Ind. 80; *Short* v. *State*, 63 Ind. 376; *Dawson* v. *State*, 65 Ind. 442; *Burrows* v. *State*, 84 Ind. 529; *Choen* v. *State*, 85 Ind. 209; *Sims* v. *State*, 136 Ind. 358. In each of these cases the owner of the goods was named. By naming the owner, in connec-tion with the other particulars, the pleader disclosed affirma-tively all the elements of the intended felony, namely, the felonious stealing, taking, and carrying away of the personal goods of another. And though, in conceivable instances, the pleader may not be able to state the name of the owner any more than the character and value of the goods that were the object of the contemplated larceny, he can and must show directly and affirmatively that what he deems a felony is a legal possibility. Of the elements of larceny, an indispensable one is that the property shall be susceptible of being feloniously stolen, taken and carried away. By our statute, as by the common law, there are two conditions of this susceptibility: (1) That the property be, among other things, personalty (1 Hale P. C. 510; 1 Wharton Cr. Law §§863-882); (2) that the property be that of another than the accused (1 Hale P. C. 513; 1 Wharton Cr. Law §894). One of these conditions is just as essential as the other. The information in this case fails to charge explicitly that the second condition existed. Is the charge adequately supplied by necessary inference? In the first place, it is fundamental that a pleading can not be aided by inference, but that, on the contrary, all intendments are to be drawn against the pleader. If an information charged a breaking and entry with intent feloniously to steal, take and carry away the realty or chattels real of another than the accused, it would be bad. If it charged a breaking and entry with intent feloniously to steal, take and carry away the property of another than the accused, it would be equally bad; for,

Barnhart *v.* State.

though the term property includes realty and personalty, the intendment against the pleader is that the property was real. If an information charged a breaking and entry with intent feloniously to steal, take and carry away personal goods of the accused, it would be bad. If it charged a breaking and entry with intent feloniously to steal, take and carry away personal goods, it would be equally bad; for, though the term personal goods may include those of another as well as those of the accused, the intendment being against the pleader and in favor of the accused, the information must be taken the same as if the accused were explicitly charged with breaking and entering to recover his own personal goods. But if the rule of pleading were otherwise, the statement in the information in this case regarding the intent to commit a felony does not lead to the necessary inference that the personal goods were not the appellant's. The statement is: With intent feloniously and burglariously to take, steal and carry away certain pieces of meat. The adverb burglariously is without force at this point in the information. The adverb feloniously, though a word of art and indispensable in characterizing acts that are felonies if feloniously done, can not make felonies out of acts that are not defined to be felonies if feloniously done. It is hardly conceivable that any one would contend that an indictment was sufficient that charged the defendant with breaking and entering a house with intent feloniously to gaze upon a picture therein. The act that constitutes, if feloniously done, the felony named larceny and defined in our statutes as such, is the stealing, taking and carrying away of the personal goods of another. To take and carry away goods does not necessarily imply that the goods are susceptible of larceny. And the word steal can not be taken to import exclusively that the property is susceptible of larceny, unless that one word in the definition renders meaningless and surplus the nine words following, namely, "take and carry away the personal goods of another." If stealing, *eo nomine*, were the

felony named and defined by the statute, this information might be held sufficient to withstand the motion in arrest, as was heretofore stated to be the case if the word larceny had been used. But under our statutory definition (as at common law), the word stealing can not be accepted as the equivalent of larceny. Steal is but one word in the definition; and it will not do to say that the remainder is mere surplusage. Steal does not even denote all the verb-action in the definition. From the time when Latin was the language of the courts, the three verbs steal, take and carry away (*furatus fuit, cepit et esportavit*) have been indissolubly conjoined, each as essential as the other. 1 Hale P. C. 508. Though one *animo furandi* took the personal goods of another, if, instead of carrying them away, he put them down, he would not be chargeable with larceny; and if that were the fullness of his intent in breaking and entering a dwelling, he would not be chargeable with burglary. If the word steal can not displace the words take and carry away, much less can it eliminate the remainder of the definition of larceny, namely, the personal goods of another. It is the transitive verb steal that is used in this definition, and it must have an object. If the object, for either of the two reasons heretofore given, is not susceptible of larceny, the pleader's averment that the accused stole such object would not state the offense of larceny. To quote from Hale (1 Pleas of the Crown 513): "If A and B be joint-tenants or tenants in common of an horse, and A takes the horse, possibly *animo furandi*, yet this is not felony, because one tenant in common taking the whole doth but what by law he may do."

Judgment reversed, with instructions to sustain the motion in arrest. The clerk will issue the proper notice for the return of the accused.