## GREEN v. THE STATE.

[No. 19,542.   Filed June 4, 1901.]

CRIMINAL LAW.— *Pleading.— Conspiracy to Commit a Felony.*— In pleading a conspiracy to commit a felony, the elements of the intended felony must be fully disclosed, so that the court may see that a public offense has been committed.   *p. 102.*

BLACKMAILING.—*Gist of the Offense.*—The gist of the felony defined as blackmailing is the extortion of money, chattels, or valuable securities from a person by threatening to expose his crimes or immoralities.   *p. 102.*

SAME.— *Indictment.* — An indictment for conspiracy to blackmail which fails to allege the ownership of the property, or explain the absence of such averment, is insufficient.   *pp. 102, 103.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

From a conviction for conspiracy to blackmail, defendant appeals.   *Reversed.*

*W. A. Brown, M. E. Forkner, G. D. Forkner* and *H. H. Evans,* for appellant.

*W. L. Taylor,* Attorney-General, and *W. R. Steele,* for State.

BAKER, J.—Appellant was convicted of conspiracy to blackmail.   The error assigned is the overruling of her motion to quash the information.

The information charged that Alice Green (and others) on, etc., at, etc., "did then and there unlawfully and feloniously conspire, confederate and agree to and with each other to unlawfully and feloniously charge and accuse one William W. Southard of certain immoral conduct, which, if true, would tend to disgrace him and bring him into ridicule and contempt of society, to wit, to charge and accuse him of having upon divers occasions had illicit sexual intercourse with one Rose Green, a female, who was then and there pregnant with a bastard child, and to unlawfully and feloniously accuse him of being the father of said bastard child, with the intent then and there and thereby to extort

from the said William W. Southard money, chattels and valuable securities, the kind, character and value of which money and valuable securities are unknown."

So much of the conspiracy and blackmailing statutes as need be considered, read: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony  *  *  *  shall, upon conviction thereof, be fined  *  *  *  and imprisoned in the state prison  *  *  *." §2260 Burns 1894, §2139 R. S. 1881 and Horner 1897: "Whoever  *  *  *  accuses or threatens to accuse  *  *  *  any person  *  *  *  of any immoral conduct, which, if true, would tend to degrade and disgrace such person, or in any way to subject him to the ridicule or contempt of society,  *  *  *  with intent to extort or gain from such person any chattel, money, or valuable security,  *  *  *  is guilty of blackmailing, and shall, on conviction thereof, be imprisoned in the state prison  *  *  *." §1999 Burns 1894, §1926 R. S. 1881 and Horner 1897.

In pleading a conspiracy to commit a felony, the elements of the intended felony must be fully disclosed, so that the court may see that a public offense is in fact charged. *Landringham* v. *State,* 49 Ind. 186; *State* v. *McKinstry,* 50 Ind. 465; *Scudder* v. *State,* 62 Ind. 13; *Miller* v. *State,* 79 Ind. 198; *Smith* v. *State,* 93 Ind. 67; *McKee* v. *State,* 111 Ind. 378; *Musgrave* v. *State,* 133 Ind. 297; *Barnhart* v. *State,* 154 Ind. 177.

The gist of the felony defined as blackmailing is the extortion of money, chattels or valuable securities from a person by threatening to expose his crimes or immoralities. It is a method by which the criminal obtains the property of his victim. The end is the same as in larceny, embezzlement, robbery, burglary, or false pretenses; but the means employed are different. In *State* v. *Miller,* 153 Ind. 229, an indictment for obtaining money by false pretenses was held to be bad for failure to state the ownership of the money

obtained. That is, false pretenses by which one recovers possession of his own, are not within the statute. *People* v. *Thomas,* 3 Hill 169. Nor can one be guilty of larceny, nor of burglary, with respect to his own property, of which he has the right of possession. *Barnhart* v. *State,* 154 Ind. 177. As blackmailing belongs to the same general class of crimes, the indictment must allege the ownership of the property or explain the absence of the averment. *State* v. *Hammond,* 80 Ind. 80, 41 Am. Rep. 791; *People* v. *Griffin,* 2 Barb. 427. The information in the present case is defective in this particular, and probably in others.

Judgment reversed, with instructions to sustain the motion to quash the information.