## FITZGIBBONS v. STATE OF INDIANA.

[No. 24,267.   Filed October 25, 1923.]

1. CONSPIRACY.—*Indictment.*—*Sufficiency.*—*Charge of Crime.*— In charging a conspiracy to commit a felony the purposed felony must be charged as specifically as though the defendant were on trial for that felony.   p. 528.

2. INDICTMENT.—*Direct and Positive Averments.*—Each fact necessary to constitute a crime must be directly and positively alleged in an indictment.   p. 533.

3. CONSPIRACY.—*Indictment.*—*Sufficiency.*—An indictment which attempts to charge a conspiracy to commit a felony under §2647 Burns 1914, Acts 1905 p. 584, and alleges that the defendant and two confederates conspired to swindle and defraud an insurance company of a sum of money by causing to be presented by Mrs. F. to the claim department of said insurance company a false and fraudulent proof of loss by theft of an automobile, insured against loss by theft in said company, issued in the name of Mrs. F.; that the said automobile was in the possession of Mr. F. the defendant, who instructed two others to remove it from the state; that Mr. F. and the two others then conspired to remove the said auto-

mobile from the state and did so remove it and caused Mrs. F. to present a false and fraudulent claim for loss to said insurance company, with the intent to swindle and defraud said company of said sum of money, does not sufficiently charge a conspiracy to commit a specific felony. p. 533.

From Marion Criminal Court (53,627); *James A. Collins,* Judge.

Frank Fitzgibbons was charged by indictment with conspiracy to commit a felony. From a judgment of conviction, he appeals. *Reversed, with instructions.*

*Korbly & McNutt,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was convicted of a conspiracy to commit a felony. The indictment was based on §2647 Burns 1914, Acts 1905 p. 584, which is as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association, or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars nor more than five thousand dollars, and imprisoned in the state prison not less than two years nor more than fourteen years."

The appellant moved to quash the indictment for the following reasons: 1. That the facts set forth in the indictment do not constitute a public offense. 2. That the indictment does not state the offense with sufficient certainty. The appellant's motion to quash was overruled, and the defendant entered a plea of not guilty, upon which a trial was had. The trial was by jury resulting in the following verdict: "We, the jury, find

the defendant guilty of a conspiracy to commit a felony as charged in the indictment and we further find that at the time of the commission of the alleged offense Frank Fitzgibbons was 31 years of age."

After a motion for a new trial had been overruled, the defendant moved in arrest of judgment upon the following grounds: That the facts stated in the indictment in said cause do not constitute a public offense under the laws of the State of Indiana. The judgment in arrest was overruled and the court rendered judgment on the verdict as follows: "It is now ordered and adjudged by the court that the defendant for the offense by him so committed do make his fine to the State of Indiana, in the penal sum of $100 and that he be imprisoned in the Indiana State Prison for a term of not less than two years nor more than 14 years; and that he pay and satisfy all the costs and charges herein."

From such judgment, appellant appeals, and assigns as errors: 1. The overruling of appellant's motion to quash the indictment herein. 2. The overruling of appellant's motion in arrest of judgment.

The indictment charges that the appellant and two other defendants named therein were guilty of a violation of §2647 Burns 1914, *supra*, defining a conspiracy to commit a felony. It is contended by the appellant that the crime being a conspiracy to commit a felony the purposed felony must be charged as specifically as though the defendant were on trial for that felony. In this the appellant is correct. See *Hinshaw* v. *State* (1919), 188 Ind. 147, 122 N. E. 418, and cases there cited.

It is claimed by the appellant that the indictment nowhere charges as the purpose and object of the conspiracy anything which is denominated as felony by the statutes of this state. By reference to the indict-

ment it is found that the purposed felony is charged
as follows:

"That the appellant and his two confederates
named therein did then and there unlawfully, know-
ingly, and feloniously unite, combine, conspire,
confederate and agree to and with each other for
the object and purpose and with the unlawful and
felonious intent to then and there swindle and de-
fraud the Union Insurance Company of Indiana,
a corporation, in the sum of $6,800, by then and
there causing to be presented by one Mrs. Frank
Fitzgibbons to the Claim Department of the said
Union Insurance Company of Indiana, a corpora-
tion, a false and fraudulent proof of loss by theft
of an automobile, which said automobile was then
and there insured against loss by theft by the said
Union Insurance Company of Indiana, a corpora-
tion, by a policy of insurance which was then and
there in full force and effect and which had there-
tofore been issued by said Union Insurance Com-
pany of Indiana on said automobile and was then
and there issued in the name of Mrs. Frank Fitz-
gibbons, whose christian name to the grand jurors
is unknown. The said automobile being then and
there under the control and supervision of and in
the possession of the said Frank Fitzgibbons, the
said Frank Fitzgibbons then and there instructed
and directed the said Herman Chandjie and the
said Edward Siersdorfer to remove same from the
State of Indiana and to dispose of said automobile.
That the said Frank Fitzgibbons, Herman Chandjie
and Edward Siersdorfer did then and there un-
lawfully, knowingly and feloniously unite, com-
bine, conspire, confederate and agree to and with
each other that the said Herman Chandjie and the
said Edward Siersdorfer should remove from the
State of Indiana and dispose of said automobile and
that the said Herman Chandjie and Edward Siers-
dorfer, having so united, conspired, combined, con-
federated and agreed did in pursuance thereof
remove from the State of Indiana said automobile
and did then and there and thereby cause the said
Mrs. Frank Fitzgibbons, whose christian name to
the grand jurors is unknown, to present a false and

fraudulent claim for the loss of said automobile to the said insurance company with the unlawful and felonious intent to swindle and defraud said insurance company of said sum of sixty-eight hundred ($6,800) dollars."

The state contends that the felony which is the object of the conspiracy is that of swindling and defrauding an underwriter and cites §2643 Burns 1914, Acts 1905 p. 584, which reads as follows:  "Whoever shall knowingly make any false or fraudulent representation in or with reference to any application for insurance, or present, or cause to be presented, any false or fraudulent claim, with intent to obtain any money or benefit in, to or from any corporation, association or society transacting insurance or indemnity business of any kind; or whoever shall prepare, make or subscribe any account, certificate, survey, affidavit, proof of loss, or other book, paper or writing, with intent to present or use the same, or allow it to be presented or used in support of any such claim; or whoever shall wilfully make a false statement of any material fact or thing in a sworn statement as to the death or disability of the holder of any certificate or policy in any life, accident, casualty or indemnity insurance corporation, association or society, for the purpose of procuring payment of a benefit named in the certificate or policy of such holder, shall, on conviction, be fined not more than one thousand dollars, to which may be added imprisonment in the state prison not less than one year nor more than three years."

In Indiana all crimes are statutory.   §237 Burns 1914, §237 R. S. 1881; *Hinshaw* v. *State, supra.*

If the offense attempted to be described as the purposed crime in the indictment herein is defined by the statute it must be in that clause which provides that "whoever shall knowingly present or cause to be pre-

sented any false or fraudulent claim with the intent to obtain money or benefit in, to, or from any corporation, association or society transacting insurance or indemnity business of any kind," etc., or in that part of the statute which provides "that whoever shall knowingly make or subscribe any account, * * * proof of loss, * * * with the intent to present or use the same or. allow it to be presented or used in support of any such claim. * * *"

The indictment alleges that the appellant and his two confederates named therein did unlawfully, knowingly, and feloniously unite, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and felonious intent to then and there swindle and defraud the Union Insurance Company of Indiana, a corporation, in the sum of $6,800, by then and there causing to be presented by one Mrs. Frank Fitzgibbons to the claim department of said Union Insurance Company, a false and fraudulent proof of loss by theft of an automobile which was then and there insured against loss by theft by said Union Insurance Company of Indiana, by a policy that had theretofore been issued on said automobile in the name of said Mrs. Frank Fitzgibbons. It does not allege any facts showing how or by what means the said conspirators caused her to present the said false and fraudulent proof of loss by theft. The indictment, however, while alleging that the insurance policy was issued in the name of Mrs. Frank Fitzgibbons alleges that the automobile was then and there under the control and supervision of and in the possession of the said Frank Fitzgibbons and that the said Frank Fitzgibbons then and there instructed and directed said Herman Chandjie and said Edward Siersdorfer to remove the same from the State of Indiana and dispose of said automobile. That the said Herman Chandjie and the said Edward Siersdorfer

did remove said automobile from said State of Indiana and dispose of it pursuant to the agreement made between them and this appellant. It further alleges that they did then and there and thereby cause the said Mrs. Frank Fitzgibbons, whose christian name to the grand jurors is unknown, to present a false and fraudulent claim for the loss of said automobile to said insurance company. No reason is stated in the indictment why the act of said conspirators in removing the automobile from the State of Indiana and selling it would cause Mrs. Frank Fitzgibbons to present a false and fraudulent claim for the loss of the said automobile by theft. It is nowhere alleged in the indictment that Mrs. Frank Fitzgibbons was in the conspiracy with her husband and his codefendants to present such claim nor is it alleged anywhere in the indictment that she was led to believe by the conspirators or someone else that the automobile had been stolen. It does not allege what means was used to influence her to present such false and fraudulent claim. It does not allege that she was the owner of the automobile. It does not appear that appellant caused and directed and instructed his coconspirators to remove the automobile with the intent to cause Mrs. Frank Fitzgibbons to present a false and fraudulent claim, nor that it was removed with that intent. It does not allege that she, because of anything said or done by the appellant and his coconspirators believed said automobile had been stolen and that because she believed said automobile had been stolen that she presented a false and fraudulent claim. It is not necessary to allege that she was a coconspirator, but if not, facts must be alleged showing that the conspirators feloniously designed to deceive her and procure her to present a false claim for the loss of said automobile. See *Musgrave* v. *State* (1892), 133 Ind. 297.

It is a principle of pleading that in indictments each

fact necessary to constitute the crime must be directly
or positively alleged.  22 Cyc 171, and cases
2.  there cited.  *Terre Haute Brewing Co.* v. *State*
(1907), 169 Ind. 242; *State* v. *Metsker* (1908),
169 Ind. 555; *Hewitt* v. *State* (1908), 171 Ind. 283;
Art. 1, §13, Constitution.

Under the rule that the purposed felony must be
charged as specifically as though the defendant were on
trial for that felony it must be held that the
3.  indictment in this case does not state a public
offense.  *Landringham* v. *State* (1874), 49 Ind.
186; *Scudder* v. *State* (1878), 62 Ind. 13; *Smith* v. *State*
(1884), 93 Ind. 67; *Green* v. *State* (1901), 157 Ind.
101; *Eacock* v. *State* (1907), 169 Ind. 488; *Woodsmall*
v. *State* (1913), 179 Ind. 697; *Allen* v. *State* (1915),
183 Ind. 37; *Hinshaw* v. *State, supra.*

Judgment reversed, with instructions to sustain appellant's motion to quash the indictment.