## BERRY v. STATE OF INDIANA.

[No. 24,729. Filed February 12, 1929. Rehearing and petition for writ of *coram nobis* denied December 18, 1930.]

*Walterhouse & Miller, F. Clayton Mansfield* and *Francis A. Shaw*, for appellant.

*U. S. Lesh* and *James M. Ogden*, Attorney-Generals, *Mrs. Edward Franklin White* and *Burke Walker*, Deputy Attorney-Generals, for the State.

WILLOUGHBY, J.—The appellant was convicted of a conspiracy to commit a felony. He was tried upon an

affidavit in the Delaware Circuit Court before a jury. The jury brought in a verdict as follows: "We, the jury, find the defendant, Hugh Berry, guilty of conspiracy to commit a felony as charged in the affidavit and that said defendant is 29 years of age." Judgment was rendered upon this verdict, from which judgment this appeal is taken. The charging part of the affidavit is substantially as follows: That, on or about August 1, 1923, at and in the county of Delaware, State of Indiana, Orville Teague and Hugh Berry did then and there unlawfully, knowingly and feloniously, unite, combine, conspire, confederate and agree with each other, for the object and purpose and with the unlawful and felonious intent to there and then possess and control a still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana, and that the said Orville Teague and Hugh Berry did then and there, pursuant to said agreement and conspiracy, take possession of a still and distilling apparatus, and take the same to a farm in Perry Township in said county and state, and operate said still and distilling apparatus from on or about August 1, 1923, until November 9, 1923, and that the said Orville Teague and Hugh Berry did then and there, during all of said time, use said still and distilling apparatus so possessed and controlled by them in the manufacture of intoxicating liquor in violation of the laws of the State of Indiana.

On February 26, 1924, while said affidavit was pending in the Delaware Circuit Court, the appellant filed his affidavit for change of venue from the regular judge, and said change was granted and William F. White, a member of the bar of the Delaware Circuit Court, was appointed special judge. The record shows the following proceedings were had: On February 27, 1924, the said affidavit for change of judge was submitted to the court and sustained, and the court nominated five members

of the Delaware County bar in good standing, to wit: Wm. F. White, Leonidus Guthrie, Everett Warner, George Koons and Harry Redkey. Thereafter, on March 1, 1924, the following further proceedings were had, to wit: "Comes now the state of Indiana, by the prosecuting attorney, and also the defendant, Hugh Berry, in person and by counsel, and the court now requests that defendant's counsel strike from the list of persons theretofore named as special judge herein, and defendant's attorney refuses to strike from said list any names, thereupon the court ordered the clerk of this court to strike two names from said list, and the defendant, Hugh Berry, objects, which objections are overruled, and defendant excepts, and the clerk of the court strikes the names of Harry Redkey and Leonidus Guthrie, and thereupon the court orders and directs the prosecuting attorney to strike off two names from said list, and defendant's attorney objects, the court overrules said objection, and defendant excepts, and thereupon said prosecuting attorney strikes from the said list the name of George Koons, and the name of Everett Warner, and thereupon defendant objects to the appointment of Wm. F. White, as special judge herein, which objections are overruled by the court, and the defendant excepts. Thereupon the court appoints Wm. F. White as special judge to hear, try and determine this cause, and defendant objects and excepts to said appointment. Thereupon Wm. F. White appears and accepts said appointment and assumes jurisdiction of this cause as to the defendant Hugh Berry.

"On April 9, 1924, the appellant filed his objection to the serving by the Hon. Wm. F. White, as special judge in said cause, and his motion to remand said cause to the cognizance of the regular judge for the appointment of a special judge in the manner provided by law. The court overruled said objection. The clerk was then ordered

to show in the record the oath and appointment of the special judge, which was in writing, and then and there filed with said clerk of said court. The defendant then moved the court to quash the affidavit on the ground: (1) That the facts stated in said affidavit do not constitute a public offense; (2) that the affidavit does not state the offense charged therein with sufficient certainty. §2225, cl. 6, and §2227 Burns 1926.''

There is no merit in the objection to the appointment of special judge Wm. F. White. This appointment was made pursuant to the provisions of Acts 1923 p. 312, and the record shows that the provisions of the statute were followed.

The appellant claims that the court erred in overruling his motion to quash the affidavit because the facts stated in the affidavit do not constitute a public offense. The statute under which this affidavit was drawn is §2882 Burns 1926. This section provides that any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony shall be fined not less than $25, nor more than $5,000, and be imprisoned in the State Prison not less than two years nor more than 14 years. This indictment alleges that Orville Teague and Hugh Berry did then and there unlawfully, knowingly and feloniously, unite, combine, conspire, confederate and agree with each other, for the object and purpose, and with the unlawful and felonious intent to there and then possess and control a still and distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of the State of Indiana. It then goes on to describe further what acts were committed by the conspirators in pursuance of said conspiracy. This was not necessary, as a conspiracy is complete without committing any of the acts for which the conspiracy was entered into, so the allegations of what was said and done in pursuance of

said conspiracy may be treated as surplusage in said affidavit, and did not make it bad. §2225 Burns 1926, cl. 6.

The appellant says the purposed offense is not sufficiently described in the affidavit. The Legislature, in Acts 1923 p. 107, declared the possession of a still to be a felony. The act described such felony as follows: "It shall be unlawful for any person to have in his possession or under his control or to use any still or distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state." The offense described in this section was the purposed offense and is described with sufficient certainty.

In *Green* v. *State* (1901), 157 Ind. 101, 60 N. E. 941, it is said: "In pleading a conspiracy to commit a felony, the elements of the intended felony must be fully disclosed, so that the court may see that a public offense is in fact charged. *Landringham* v. *State*, 49 Ind. 186; *State* v. *McKinstry*, 50 Ind. 465; *Scudder* v. *State*, 62 Ind. 13; *Miller* v. *State*, 79 Ind. 198; *Smith* v. *State*, 93 Ind. 67; *McKee* v. *State*, 111 Ind. 378; *Musgrave* v. *State*, 133 Ind. 297; *Barnhart* v. *State*, 154 Ind. 177."

In *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209, it is said: "'Where an indictment charges a conspiracy and also an overt act, which in itself is criminal, the conspiracy is not merged in the higher offense, where the defendant is placed on trial upon the charges of conspiracy only.' Such is the substance of the ruling in the case of *State* v. *Grant* (1892), 86 Iowa 216, 53 N. W. 120. See, also, *State* v. *Madden* (1915), 170 Iowa 230, 148 N. W. 995. This rule is sound and we approve it."

Appellant insists that the act making the possession of a still a felony does not fix the place of imprisonment, and is therefore not sufficient to describe an offense and fix the punishment, but this question has been decided adversely to appellant's

contention. See *Frey* v. *State* (1925), 196 Ind. 359, 147
N. E. 279; Acts 1923 p. 108. The affidavit was sufficient
to withstand the motion to quash and the motion in
arrest of judgment.

The appellant insists that the court erred in refusing
to give to the jury each of the instructions numbered
3, 4, 5 and 7, tendered and requested by the appel-
lant, and also that the court erred in giving to the
jury of its own motion instruction No. 14. The
appellant says that the theory of each of these instruc-
tions was that, to entitle the State to a conviction, it
must have shown that appellant and his codefendant
conspired to possess jointly or together a still and dis-
tilling apparatus for the manufacture of intoxicating
liquor, in violation of the laws of the State of Indiana.
That the "Points and Authorities" herein set out under
the proposition that the court erred in refusing to give
to the jury instructions Nos. 3, 4, 5 and 7, tendered by
appellant, apply with equal force to said instruction
No. 14, given by the court of its own motion, and ap-
pellant here refers to said "Points and Authorities."
In support of the proposition put forth by appellant, he
further says a conspiracy is a combination of two or
more persons by some concerted action to accomplish a
purpose, which by statute is defined to be a felony, and
that it is not a conspiracy for two or more persons to
agree that one of them shall thereafter possess a still, in
other words, both of them shall be in joint possession or
control. Appellant then cites *Williams* v. *State, supra;*
Elliott, Evidence §2921; 4 Am. & Eng. Ency. of Law
p. 584. None of these authorities supports the contention
of appellant. In this case, the appellant is being tried up-
on a charge of conspiracy to commit a felony. It is not
charged in the affidavit that the said conspirators were
to have joint possession of the still or distilling apparatus,
and it was not necessary. It is not necessary in an in-

dictment or affidavit to set forth specific acts done in pursuance of the conspiracy. The conspiracy is perfect when the agreement is entered into without the performance of any act in pursuance thereof. There was no error in refusing to give the instructions tendered by appellant, nor in giving instruction No. 14, given by the court of its own motion.

The appellant alleges there was error in admitting the evidence of a certain witness, named Puckett, concerning the codefendant Teague. The rule is that, after ■ *prima facie* proof of a conspiracy, the acts and declarations of the conspirators, in pursuance of the plan and with reference to the common object, are admissible against any one thereof, and the rule is the same regardless of when one becomes a party to such conspiracy. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385.

After evidence had been introduced tending to establish a conspiracy in this case as alleged in the affidavit, it was competent for the State to introduce evi- ■ dence of statements made by his coconspirator concerning said conspiracy, although such statements were not made in the presence of the appellant, said statements having been made by said Teague, a coconspirator, while he was in charge of the still while in operation, in furtherance of the conspiracy alleged in the affidavit in this case.

A criminal conspiracy is a distinct substantive offense, complete when the corrupt agreement is entered into, though no act is done in pursuance of it. *Knight* ■ *& Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146.

The general rule is that, where persons have conspired together to commit an unlawful act or to commit an act,

although not unlawful in itself, but by means which are unlawful, the acts and declarations of any of the persons entering into such conspiracy done or made during the existence or pendency thereof, and in the furtherance of the common design or purpose, are original evidence against any or all of the other coconspirators. *Sanderson* v. *State* (1907), 169 Ind. 301, 82 N. E. 525; *Card* v. *State* (1886), 109 Ind. 415, 9 N. E. 591; *Freese* v. *State* (1903), 159 Ind. 597, 65 N. E. 915; *Waldon* v. *State* (1914), 182 Ind. 112, 104 N. E. 300.

The court did not err in admitting this evidence.

The judgment is affirmed.

## ON PETITION FOR REHEARING AND WRIT OF CORAM NOBIS.

WILLOUGHBY, J.—The appellant filed a petition for rehearing and names eight reasons in support of said petition. The first seven reasons named in said petition have been fully discussed in the opinion and need not be further considered. The eighth reason assigned is one which was not assigned as error in a motion for a new trial and was not presented in the hearing of this case on appeal. This eighth cause is also set forth in a paper which the appellant has denominated a petition for writ of *coram nobis*. To that petition, appellee demurs, and says that the petition does not state facts sufficient to entitle the appellant to the writ of error *coram nobis*.

The writ *coram nobis* is based upon error of fact, as distinguished from the writ of error, which is based upon error of law. It always has been, and must now be, a part of the proceedings in a case to which it refers, and must be filed in the court that rendered the judgment. Matters which were known at the time of the trial might have been submitted to the trial court and adjudicated, and cannot now be presented to

this court by writ of error *coram nobis*. *Partlow* v. *State* (1922), 191 Ind. 657, 134 N. E. 483; 5 Ency. Pleading & Practice p. 29.

In *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29, the court, at p. 329, said: "It is our opinion that the courts have the power to issue writs in the nature of the writ *coram nobis*, but that the writ cannot be so comprehensive as at common law, for remedies are given by our statute which did not exist at common law— the motion for a new trial and the right of appeal—and these very materially abridge the office and function of the old writ. These afford an accused ample opportunity to present for review questions of fact, arising upon or prior to the trial, as well as questions of law; while, at common law, the writ of error allowed him to present to the appellate court only questions of law. Under our system all matters of fact reviewable by appeal, or upon motion, must be presented by motion for new trial, and cannot be made the grounds of an application for the writ *coram nobis*. Within this rule must fall the defense of insanity as well as all other defenses existing at the time of the commission of the crime. Within this rule, too, must fall all cases of accident and surprise, of verdicts against evidence, of newly discovered evidence, and all like matters."

The petition for a writ *coram nobis* in the instant case proceeds upon the theory that appellant's coconspirator, Teague, was acquitted of the offense of conspiracy with this appellant. The record shows that he was not acquitted, but shows that this appellant's counsel, at the time of the trial, cross-examined Teague, who was a witness for the State, against this appellant, and such cross-examination shows, together with other matters appearing in the record, that the appellant knew that Teague was claiming immunity from prosecution for the offense for which this appellant was being tried. The appellant

and Teague were charged with unlawfully, knowingly and feloniously uniting, combining, conspiring and confederating and agreeing with each other, with the object and purpose and with the unlawful and felonious intent to then and there control a still and distilling apparatus for the unlawful manufacture of intoxicating liquor in violation of the laws of the State of Indiana.

The record shows that this appellant procured a separate trial by filing an affidavit for a change of venue from the judge before whom the cause was pending. It shows that in the trial of the case against this appellant, his coconspirator in said action, Orville Teague, testified against this appellant, and it was upon said testimony, largely, if not wholly, that this appellant was convicted. All this was known by the appellant and his attorney at the time of the trial of this appellant.

At the time of his trial, §§2252, 2273 and 2755 Burns 1926 were in full force and effect. Under these statutes, appellant's coconspirator was entitled to receive from the State immunity from prosecution on the conditions named in said statutes.

The record shows that said Teague did claim such immunity, and that it was granted, and, for that reason, he was not tried and convicted as coconspirator of this appellant.

In prosecutions for conspiracy, the conspiracy must be proved, but it is not essential to the conviction of one conspirator that another or other coconspirators shall be tried and convicted. It is only where one is convicted and another or others are acquitted, resulting in a repugnancy upon the record, that the convicted conspirator may be discharged. *Rex* v. *Cook* (1826), 5 B. & C. (Eng. K. B.) 538; *King* v. *Plummer* (1902), 2 K. B. (Eng.) 339, 4 B. R. C. 917; *Rex* v. *Duguid* (1906), 75 L. J. K. B. (Eng.) 470, 70 J. P. 294;

*Williams* v. *State* (1907), 169 Ind. 384, 82 N. E. 790.

In *Bradshaw* v. *Territory of Washington* (1887), 3 Wash. Ter. Rep. 265, it was held that persons convicted of conspiracy may be sentenced, although no coconspirator has been convicted. It is only when all of the coconspirators have either been acquitted, or been discharged under circumstances tantamount to acquittal, that a conspirator cannot be convicted. Where a conspirator has not been indicted, in order to obtain his evidence for the prosecution, and the indictment of two other conspirators has been dismissed on the motion of the prosecuting officer, as permitted by the laws of Washington Territory, leaving the question of guilt or innocence undetermined, these conspirators have not been acquitted or discharged under such circumstances that the remaining conspirator may not be indicted or sentenced. In that case, the court said: "As regards the point that the plaintiff in error could not be sentenced until a coconspirator had been first convicted, the law is not as his counsel contends. For while it is true that the conviction of a single conspirator, or even his indictment, cannot be had, or if had will be invalidated in case every one else who is charged to have been conspirator with him has been or is acquitted, or under circumstances that amount to an acquittal discharged, yet we understand that it is also the law, on the other hand, that a person may be indicted for conspiracy and convicted; and if convicted, sentenced, although every person who is charged to have been coconspirator with him is unindicted, or has in some mode not inconsistent with guilt been released from liability under the indictment." See, also, *Williams* v. *State, supra; Weber* v. *Commonwealth* (1903), 24 Ky. Law Rep. 1726, 72 S. W. 30; *Rutland* v. *Commonwealth* (1914), 160 Ky. 77, 169 S. W. 584; *People* v. *Richards* (1885), 67 Cal. 412, 7 Pac. 828, 56 Am. Rep. 716.

In the instant case, the prosecution against Teague was not terminated by an acquittal nor by any proceeding which would amount to an acquittal. These statutes granting immunity to persons testifying do not acquit the witness of the offense, but the fact of his testifying bars a prosecution for such offense. In this case, the appellant admits that his conviction was brought about by the testimony of Teague, his coconspirator. If the testimony of Teague was true, and the jury have said by their verdict that they believed it, the coconspirator and this appellant were both guilty. There is no repugnancy in the record.

The appellant's petition for a writ *coram nobis* is not sufficient, and the writ is denied. The petition for a rehearing is overruled.