# HINSHAW v. STATE OF INDIANA.

[No. 23,127. Filed March 13, 1919.]

1. CRIMINAL LAW.—*Definition.*—Under §237 Burns 1914, §237 R. S. 1881, all crimes in this state are statutory. p. 150.

2. CONSPIRACY.—*To Commit Felony.*—*Indictment.*—Under §2647 Burns 1914, Acts 1905 p. 584, §641, an indictment for conspiracy to commit a felony must charge the purposed felony as specifically as though the defendant were on trial for that felony. p. 150.

3. CONSPIRACY.—*To Defraud.*—*Indictment.*—*False Pretenses.*— In a prosecution for conspiracy, the allegation that the defendants "did * * * conspire * * * designedly with the intent to cheat and defraud * * * by inducing and

procuring * * * by then and there feloniously, knowingly, designedly and falsely pretending, representing and giving out" was insufficient to charge a conspiracy to commit the crime of false pretense, under §2647 Burns 1914, Acts 1905 p. 584, §641, since "cheating" and "defrauding" are broader terms than "false pretense," and include not only the crimes of false pretense but also all civil frauds. p. 151.

4. CONSPIRACY.—*Indictment.—Sufficiency.—Charging Civilly Unlawful Act.*—In a prosecution for conspiracy, an indictment charging, as the object of the conspiracy, the commission of a civilly unlawful act, though such act is closely and logically related to another that is criminal, is insufficient under §2647 Burns 1914, Acts 1905 p. 584, §641, defining conspiracy as the uniting or the combining of persons, etc., to commit a felony. p. 151.

5. CONSPIRACY.—*Indictment.—Sufficiency.—Inference.*—The gist of a criminal offense must be stated in direct and positive terms; hence, in a prosecution for conspiracy, under §2647 Burns 1914, Acts 1905 p. 584, §641, an indictment containing words that show the object of the conspiracy to be nothing more than the civilly unlawful act of fraud, though such words could be used to state the gist of the purposed offense as that of false pretense, cannot be held sufficient as charging the purposed offense substantially in the language of the statute. p. 152.

6. CONSPIRACY.—*Indictment at Common Law.*—At common law, a conspiracy to do an unlawful act, or to do a lawful act by criminal means, was indictable. p. 152.

7. INDICTMENT AND INFORMATION.—*Constitutional Law.—Pleading.*—Chapter 62, Acts 1915 p. 123, requiring that recitals, etc., in all criminal and civil pleadings shall be considered as allegations of fact, etc., is void so far as it applies to indictments, in view of Art. 1, §13, of the Constitution. p. 153.

8. CONSTITUTIONAL LAW.—*Indictments.—Sufficiency.—Rights of Accused.*—The words "nature and cause of the accusation" as used in Art. 1, §13, of the Constitution, relative to the rights of one accused of crime, mean that the gist of the offense shall be charged in direct and unmistakable terms. p. 154.

9. CONSPIRACY.—*To Embezzle.—Indictment.*—An indictment of defendants, who were officers of a bank, for conspiracy, under §2647 Burns 1914, Acts 1905 p. 584, §641, to commit the crime known as bankers' embezzlement as defined by §2294 Burns 1914, Acts 1907 p. 14, was insufficient, where it failed to state that deposits, alleged to have been feloniously and fraudulently taken and received by the defendants, were so taken and received in their capacity as officers of the insolvent bank. p. 156.

10. EMBEZZLEMENT.—*Bankers' Embezzlement.*—*Indictment.*—The legislature intended that the requisites of pleading with reference to embezzlement were to apply to indictments for bankers' embezzlement as defined by §2294 Burns 1914, Acts 1907 p. 14, this construction requiring that the charge of *taking* and *receiving* be connected with the statement that such *taking* and *receiving* was by virtue of office, agency or employment. p. 156.

From Hamilton Circuit Court; *Will M. Sparks,* Special Judge.

Prosecution by the State of Indiana against Edwin M. Hinshaw. From a judgment of conviction, the defendant appeals. *Reversed.*

*Christian & Christian, Fitzpatrick & Fitzpatrick, Ralph H. Waltz,* and *Holmes & McCallister,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings, Edward M. White, N. C. Neal* and *J. F. Neal,* and *George W. Osborn,* for the state.

TOWNSEND, J.—Appellant was convicted of conspiracy to commit a felony. The indictment, in two counts, was against him and three other persons. He was tried separately.

The questions are raised by motion to quash each count of the indictment. In the first count, omitting the formal matters, the grand jury presents: "That Edwin M. Hinshaw (with three others, at a time named) * * * did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose, *designedly and with the intent to cheat and defraud* divers citizens of said county of Hamilton, and the public generally, by inducing and procuring said citizens and the public generally to pay and deposit money, and to deposit checks and drafts to the credit of such depositors in and into the Farmers and Merchants Bank of Cicero, Indiana, the said bank being then and

there an incorporated bank, by then and there feloniously, knowingly, designedly and falsely pretending, representing and giving out in words and speeches, that said bank was then and there solvent, and by then and there using words and speeches that meant and imparted that said bank was then and there solvent and by then and there publishing in a newspaper of said county, verified statements of and concerning the liabilities, and resources of said bank, which showed and tended to show that said bank was solvent, whereas, in truth and in fact, said bank was then and there insolvent," etc.

Then this count alleges in substance that appellant and other persons named knew that the bank was insolvent; that divers citizens of the county and the public generally relied on the pretenses and representations and deposited their money in this bank; that the money was lost; that appellant and the three others were officers of the bank.

In this state all crimes are statutory. §237 Burns 1914, §237 R. S. 1881. The conspiracy statute on which this count of the indictment is based is in part as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a *felony*" etc. §2647 Burns 1914, Acts 1905 p. 584, §641.

The crime being a conspiracy to commit a *felony,* the purposed felony must be charged as specifically as though the defendant were on trial for that felony. *Landringham* v. *State* (1874), 49 Ind. 186; *Scudder* v. *State* (1878), 62 Ind. 13; *Smith* v. *State* (1884), 93 Ind. 67; *Green* v. *State* (1901), 157 Ind. 101, 60 N. E. 941; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Allen* v. *State* (1914), 183 Ind. 37, 107 N. E. 471.

The above cases mean that all the elements of the felony, which is the purpose and object of the conspir-

acy, must be alleged so directly and positively that the defendant may know what he has to meet, and that the court may readily see what felony is purposed, and know how to limit the evidence.   Indictments must be particular and specific enough in their charges that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another crime.   An indictment must be so plain that an acquittal or conviction can be pleaded in bar of a subsequent prosecution for the same offense.

It is earnestly insisted by learned counsel for the appellant that this count of the indictment does nothing but charge appellant with conspiring "to cheat and defraud," and that the further allegation in the indictment that the purpose of the alleged conspiracy was accomplished is but an aggravation of the charge of conspiracy, and does not aid this count of the indictment, because there is nowhere aptly charged, as the purpose and object of the conspiracy, anything which is denominated a felony by the statutes of this state.

Because, in the part of the indictment which is designated the object and the purpose of the conspiracy, there are apt words, under the statute and under judicial interpretations of the statute, which could be used to charge the crime of false pretense, it is contended by the state that therefore this count of the indictment is sufficient.   The allegation in this count is "designedly with the intent to cheat and defraud, etc., * * * by inducing and procuring, etc., * * * by then and there feloniously, knowingly, designedly and falsely pretending, representing and giving out" etc.

It is not a felony in this state to cheat and defraud. Cheating and defrauding are broader terms than the crime of false pretense.   Within these two terms are included not only the crimes of false pretense,

but also all civil frauds. Nor does it help this count of the indictment because fraud and false pretense are logically related. Perjury is logically and closely related to "thwarting the purposes of justice," yet the latter, not being a crime defined by statute, could not be the object of a criminal conspiracy under our law, even though it was alleged that thwarting the purposes of justice was accomplished by perjury aptly charged as the means. *State* v. *McKinstry* (1875), 50 Ind. 465. The most that this count charges as the object of the conspiracy is to do a civilly unlawful act by a criminal means.

The gist of a criminal offense must be stated in direct and positive terms. This count of the indictment would be good at common law, for at common law a conspiracy to do an unlawful act is indictable, and a conspiracy to do a lawful act by a criminal means is indictable. A conspiracy to do an act which is a civil wrong is indictable at common law. That is to say, each one of the conspirators doing the act by himself would be liable to respond in damages only; but when two or more conspire to do the act, the conspiracy becomes criminal. Therefore the authorities from other states where the common-law crime of conspiracy exists are wholly aside from the point here in question. The state cites in support of this count of the indictment the case of *Cole* v. *People* (1876), 84 Ill. 216, and *Smith* v. *People* (1860), 25 Ill. 9, 76 Am. Dec. 780. An examination of these cases discloses that they are decided upon the common-law crime of conspiracy. For discussion, see note to *Smith* v. *People, supra.*

We can infer from this count of the indictment that the state intended to charge that the defendants conspired for the object and purpose feloniously, knowingly, designedly and falsely to pretend, etc.

Because the words are in the indictment which could be used to positively state the gist of the offense as the object of the conspiracy, it will not do to say that therefore the state has charged the purposed offense substantially in the language of the statute. This count of the indictment is bad, and the motion to quash should have been sustained.

Undoubtedly the state was misled in drawing this indictment by examining generally the law on the subject of conspiracy, rather than confining its investigation to the adjudicated cases in this state. It may be that the state was relying on chapter 62, Acts 1915 p. 123, which is designated "An act concerning proceedings in civil and criminal cases." This act provides that "all pleadings  *   *   *   in any  *   *   *   criminal case,  *   *   *   that all recitals therein and all statements contained in any participial expression, etc.,  *   *   *   shall be considered and held to be allegations of fact whenever necessary to the sufficiency thereof" etc., unless and until the opposing party moves to make such pleading more specific. We infer from the record in this case that this count in the indictment was sustained in the lower court by virtue of this statute and because of arguments made thereon, because after the motion to quash we find a motion to make this count of the indictment more specific. The defendant had evidently been met by the state with arguments that the recitals in the pleading were deemed to be positive allegations of the gist of the purposed crime, and that the defendant was bound thereby, unless and until he made a motion to make the same more specific.

This act, chapter 62, Acts 1915 p. 123, is void so far as it applies to indictments, because §13 of article 1 of the Bill of Rights of the state Constitution pro-

7. vides that "the accused shall have the right  *   *   *   to demand the nature and cause of the

accusation against him, and to have a copy 8. thereof." The words *"nature and cause of the accusation"* have a well-defined meaning, and had such meaning at the time of the adoption of the Constitution. That meaning is that the gist of an offense shall be charged in direct and unmistakable terms. In passing upon the same provision of the federal Constitution in *United States* v. *Cruikshank* (1875), 92 U. S. 542, 557, 23 L. Ed. 588, the court said: "In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amend. VI. In *United States* v. *Mills*, 7 Pet. 142, this was construed to mean, that the indictment must set forth the offense 'with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged;' And in *United States* v. *Cook*, 17 Wall. 174, that 'every ingredient of which the offence is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, —it must descend to particulars."

The legislature will not be permitted by indirection to do what it could not do directly. It has no power under the fundamental law to compel one who is charged with crime to meet the conclusions and recitals of the pleader, and it has no power to do away with the clear and positive averments with reference to the *gist* of the offense. It once tried to do this directly by saying that, in conspiracy for the purpose and object of committing a felony, it should not be necessary for the state to

charge the purposed felony.   This court held that act void.   *Landringham* v. *State, supra.*

The next count of the indictment charges that appellant and three others, as officers of the Farmers' and Merchants' Bank of Cicero, it being an incorporated bank, "did then and there unlawfully, knowingly and feloniously unite, combine, confederate and agree to and with each other to feloniously and fraudulently *receive* and *take* from divers citizens of said county and the public generally, who and each of whom, were not then and there indebted to said bank and *to have* then and there *deposited* in said bank money, checks and drafts belonging to and then and there the property of said depositors, that is to say, the property of the depositor or depositors who deposited the same; that said bank was then and there wholly insolvent, which fact was then and there well known to the said  *  *  *  Edwin M. Hinshaw,  *  *  *  (and three other persons), and each of them, whereby said money, checks and drafts and each of the same, would be and were, lost to said depositors and each of them."

This count of the indictment is intended to charge as the purpose and object of the conspiracy what is commonly known as bankers' embezzlement under §2294 Burns 1914, Acts 1907 p. 14, which provides: "If  *  *  *  any officer,  *  *  *  of any  *  *  *  incorporated bank  *  *  *  shall fraudulently receive from any person,  *  *  *  not indebted to such  *  *  *  incorporated bank any money,  *  *  *  when, at the time of receiving such deposit, such  *  *  *  incorporated bank is insolvent, whereby the deposit so made shall be lost to the depositor, such  *  *  *  officer,  *  *  *  so receiving such deposit shall be deemed guilty of *embezzlement.*"

In this count of the indictment the gist of the purposed crime is stated as follows:   "To feloniously and

fraudulently *receive* and *take* from divers citizens of said county and the public generally, etc., * * * and *to have deposited*, etc." It is nowhere charged that the defendants *received* and *took* in their capacity as officers of the bank. The recital in the first part of the indictment of their being then and there the officers of the bank does not help out the allegations in the purposed crime; nor would it be good, if instead of being a recital, it alleged directly and positively that they were the officers of the bank.

It will be noted that the legislature in defining the crime says that whoever takes a deposit under the conditions designated in the statute shall be deemed guilty of *"embezzlement."* The judicial interpretation of this statute has been that the legislature intended that the requisites of pleading with reference to embezzlement were to be applied in determining the validity of indictments under this statute. It is fundamental that, in embezzlements, the *taking* and *receiving* part of the charge must be connected and coupled with the statement that such *taking* and *receiving* was by virtue of the office, or the agency, or the employment. These principles of pleading were well established before the act in question was passed by the legislature; and this particular act has been interpreted by this court. *State* v. *Winstandley* (1899), 154 Ind. 443, 57 N. E. 109; *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Wright* v. *State* (1907), 168 Ind. 643, 81 N. E. 660.

Both counts of the indictment are bad, and the court erred in overruling appellant's motion to quash.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion to quash each count of the indictment.

Willoughby, J., not present.

NOTE.—Reported in 122 N. E. 418. Conspiracy: sufficiency of allegations in indictment for conspiracy as to object of and means of accomplishing conspiracy, 21 Ann. Cas. 39; 8 Cyc 661, 662. Indictment for false pretenses, 25 Am. St. 384.