BOARD OF MEDICAL REGISTRATION AND EXAMINATION
*v.* MOORE

[No. 28,228. Filed January 3, 1947. Rehearing Denied
February 7, 1947.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellant.

*Paul B. Newman,* and *Bert F. Wood,* both of Indianapolis, for appellee.

STARR, J.—Pursuant to the provisions of § 63-1306, Burns' 1943 Replacement a proceedings was commenced against the appellee before the appellant, State Board of Medical Registration and Examination of Indiana, for the revocation of his license to practice medicine, surgery and obstetrics. From an order of the board revoking and cancelling his license appellee took a so-called appeal to the Circuit Court of Knox County where the cause was tried by the court. The court found the appellee not guilty of the charges filed against him and overruled appellant's motion for a new trial. The appellant has appealed to this court assigning as its only error of law the overruling of such motion for new trial.

Our attention is called to a motion to dismiss this appeal, and in support of this motion the appellee advances as a reason therefor, that the motion for a new trial was a nullity and presented no question to this court for decision and did not extend the time for appeal as there was no trial had in the court below such as is contemplated by the statute authorizing motions for a new trial; and for the further reason, that the appeal was not taken within 90 days after the rendition of the judgment appealed from as required by the rules of this court. Said § 63-1306, merely provides that appeals may be prosecuted to this court as in other civil cases.

The appellant is a ministerial board and is but a fact finding body. Under the divisions of powers, ministerial fact finding duties may not be delegated to courts. The only question, therefore, before the circuit court on the purported appeal by the appellee to it from the revocation of his license was whether or

not said appellant had conformed to statutory procedural methods, and whether its decision is supported by substantial evidence. *State Board of Medical Registration, etc.* v. *Scherer* (1943), 221 Ind. 92, 46 N. E. (2d) 602.

The Medical Practice Act here involved makes no provision for a reporter or that a transcript of the evidence be filed in the circuit court when a so-called appeal is taken. We have examined the record in this case and find that the only evidence introduced at the trial was the evidence which had been introduced before the board. Appellant, by its motion for a new trial, contends that the court's decision is not supported by sufficient evidence and is contrary to law.

The appellee in his brief in support of his motion to dismiss insists that the hearing in the circuit court was not a trial but was merely an examination for errors of law; with this contention we cannot agree. In passing upon the order of the appellant herein, the court was not reviewing for error, since the board was acting ministerially and the court was acting judicially. *Public Service Commission* v. *City of LaPorte* (1935), 207 Ind. 462, 193 N. E. 668; *Peabody Coal Co.* v. *Lambermont* (1942), 220 Ind. 525, 44 N. E. (2d) 827.

Appellee argues that the hearing before the circuit court was not a trial *de novo*. It is true that the hearing before the court was not *de novo* in the sense that the court heard and determined on its merits the cause that was heard by the board, namely, whether or not appellee's license should be revoked, but the hearing before the court was a trial as distinguished from an appeal. *N. Y. C. & St. L. R. R. Co.* v. *Singleton* (1934), 207 Ind. 449, 190 N. E. 761. The right to

this trial was not derived from the statute. "The power of the courts to confine administrative boards and commissions within their constitutional jurisdiction, and to enjoin unreasonable administrative or legislative orders or regulations, is not derived from the statute, but exists through and under the Constitution." *Public Service Commission* v. *City of LaPorte, supra,* p. 465. Upon the issue tried by the court the reception of evidence was necessary, which consisted only of all the evidence given before the board.

The finding of the board was attacked in the trial court solely on the ground that it was not supported by the evidence. In order for the trial court to decide whether this order "rested upon a substantial factual foundation" it had to examine but not weigh the evidence. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399. The court's duty in this case is analogous to its duty when there is a request for a peremptory instruction in the trial of a cause. In the later instance, to question the court's ruling, a motion for a new trial has always been regarded as proper procedure. We conclude, therefore, that the motion for a new trial in this case was proper and the motion to dismiss is hereby overruled.

The charge filed before the appellant board alleged that the appellee within 12 months just prior to the filing of the charge had been guilty of gross immorality, in this, to wit: "Violation of the Harrison Narcotic Law per court record of conviction in the District Court of the United States, Southern District of Indiana, Indianapolis Division, November Term, 1944," and prayed that the license of the said appellee for practicing medicine, surgery and obstetrics in the state be revoked and cancelled.

The provisions of said § 63-1306, Burns' 1943 Replacement, are set out in the case of *State Board of Medical Registration* v. *Scherer, supra*; we will not repeat the same in this opinion. It is sufficient to state that this statute, among other grounds, provides that a license, such as the appellee had, may be revoked by the appellant board if the holder of such license is guilty of a felony or gross immorality.

The appellee admitted and under the uncontradicted evidence introduced in this case, it was established, that appellee was guilty of and convicted by said District Court for prescribing, dispensing and distributing narcotics, to wit: morphine sulphate, a derivative of opium, without registering with the collector of the said district and without securing from the person to whom prescriptions therefor were issued, a written order therefor, on forms furnished by the Secretary of the Treasury of the United States of America; such conduct by the appellee constituted a violation of the Harrison Narcotic Act, 26 U. S. C. A., § 2554-a; upon being so convicted the appellee was sentenced to be imprisoned for a term of one year and one day. It was stipulated in the trial court that all the statutory procedural requirements of notice and hearing had been complied with by the appellant board.

The proof in this case against the appellee amounted to gross immorality as it shows a wilful, flagrant and shameful indifference to the obligation of the medical profession. *Indiana Board, etc.* v. *Haag* (1915), 184 Ind. 333, 111 N. E. 178; said proof also discloses that appellee was guilty of a felony.

It is contended by the appellee that the charge filed before the appellant and upon which the appellee was

tried does not include as grounds for the revocation of his license the commission of a felony.

Strict rules of pleading do not apply to proceedings such as we have before us. 41 Am. Jur. *Physicians and Surgeons* § 60. Sufficient facts were alleged in this charge to inform the appellee of the nature of the accusation against him.

The charge as drafted clearly showed that the ground particularly alleged included the further ground that the appellee was guilty of a felony. Under these circumstances the appellee was apprised of the fact that he would be called upon to meet both grounds for the revocation of his license. *State Board* v. *Savelle* (1932), 90 Colo. 177, 8 P. (2d) 693.

It is clear that the wrong result was reached by the trial court as the decision of the board was sustained by substantial evidence.

Judgment reversed with instructions to enter an order sustaining the order of the board revoking appellee's license.

NOTE.—Reported in 70 N. E. (2d) 354.