The appellee, hereinafter referred to as the utility, is a duly authorized street railway public utility and a common carrier of passengers by motor vehicle and street cars and serves the public in the City of Indianapolis and Marion County. *Page 34 
On November 30, 1945, the appellant, Public Service Commission of Indiana, hereinafter referred to as the commission, on petition of the utility by authority of §§ 54-203, et seq.
54-204, Burns' 1933, started an investigation and hearings to fix the current fair cash value of the utility's property and all other facts necessary for determining and fixing a just and reasonable permanent schedule of rates and charges for the utility, which investigation has not yet resulted in a determination and will not for a period of several months. Pending this investigation the commission on January 9, 1946, after a hearing, entered an order modifying a trial rate installed by it on September 5, 1945, and fixed an emergency rate to begin January 21, 1946. The utility did not seek a review of this temporary order of January 9, 1946, but instead filed what it called a "limited" consent thereto for a period of three months beginning January 21, 1946. On March 12, 1946, the utility submitted to the commission a proposed increased schedule of rates and charges to take effect April 21, 1946, which increased the token rate of four for twenty-five cents to three for twenty-five cents along with its supplemental petition filed in the original rate case for an emergency hearing. This supplemental petition stated "that a public hearing thereon and an emergency increase in its rates are necessary pending the final disposition of the hearing to determine a permanent rate schedule." The supplementary petition further avers that the main hearing will not be completed for several weeks; that the rate as now fixed is confiscatory due to increased wages, loss of customers and accelerated depreciation, and that there will be no net operating income available for a fair return on the current fair cash value of petitioners used and useful property during the time said hearing for a permanent *Page 35 
rate is being carried on unless an emergency increase in rates is granted.
On June 27, 1946, after a hearing of the utility's petition for an emergency increase in rates the commission entered an order denying the petition and overruled the utility's motion to set aside a certain order of the commission made April 18, 1946, which motion and order we will describe hereinafter in discussing appellee's complaint.
On June 28, 1946, the utility filed this action under the provisions of our statute permitting a court review within 60 days from the entry of the commission's order. §§ 54-429, 54-430, Burns' 1933.
In its verified complaint for review the utility alleged in substance what it had alleged in its petition of March 12, 1946, and prayed that the order of the commission of June 27, 1, 2. 1946, above set out, disapproving an emergency increase in rates etc., be set aside and enjoined, and that until the commission shall have fixed just and reasonable rates to be charged by the utility the defendants be enjoined from interfering with the collection by the utility of rates in accordance with the rate schedule filed with the commission on March 12, 1946; and that the defendants be enjoined temporarily from interfering in any manner with the collection by the utility of rates and charges in accordance with the aforesaid rate schedule pending final decision of this action. The utility in its complaint offered in case a temporary injunction issue to protect its passengers against loss which they might sustain in the event the final decision would be against the utility by furnishing each passenger who purchases tokens a redeemable coupon for each token purchased and to impound sufficient funds to redeem the same as more particularly described in the interlocutory order *Page 36 
of the trial court hereinafter set out. The petition also alleges that on April 18, 1946, the commission, without notice to the utility, and without giving it an opportunity to be heard, arbitrarily on its own motion and not in this proceedings, postponed for a period of ninety days and thereafter until further order of the commission, the said proposed emergency rate schedule which the utility had filed on March 12, 1946, and did also in said order prohibit the utility from filing any other or different schedule of rates with the commission, except by its special permission. The petition also alleges that on April 20, 1946, the utility filed its motion with the commission to set aside said order of April 18, 1946, which was overruled. The complaint also prays that the ruling on said order be set aside and vacated and its enforcement enjoined. Clearly this order of April 18, 1946, was improper. It amounted to a refusal on the part of the commission to hear the appellee's application. The appellee was entitled to a hearing upon the proposed emergency rate schedule, but the order refusing the same was not appealable, and the commission might have been mandated to grant such hearing. State, ex rel. v. Lewis (1918), 187 Ind. 564, 120 N.E. 129.
This case was heard on the utility's application for temporary injunction as prayed for in the complaint and at the close of the hearing the trial court entered the following interlocutory order for a temporary injunction:
"I . . . HEREBY ORDER that the defendants be, and they hereby are, restrained and enjoined, until the final hearing of this cause and the further order of the court, from enforcing the order of June 27, 1946, entered by the defendant Public Service Commission of Indiana under its Docket No. 17,782, denying plaintiff's application for an increase *Page 37 
in its rates, and the ruling made in said order of June 27 denying plaintiff's motion to set aside the order of April 18, 1946, entered by said defendant Commission under its Docket No. 18,268, suspending the rate schedule filed by plaintiff on March 12, 1946, with the defendant Commission, and the said order of April 18, 1946, and from interfering with the collection by plaintiff, while this temporary injunction is in effect, of the rates provided for in said rate schedule filed by it on March 12, 1946, with the defendant Commission.
"I HEREBY FURTHER ORDER that so long as this temporary injunction is in effect the plaintiff shall issue to its customers with each purchase of three tokens a coupon in the following language:
`INDIANAPOLIS RAILWAYS, INC.
COUPON
`In event the redemption of this coupon is ordered in the final judgment in Cause No. 62745 entitled "Indianapolis Railways, Incorporated vs. Public Service Commission, et al," and now pending in the Marion Circuit Court and if on appeal such judgment is affirmed by the higher courts, then Indianapolis Railways, Incorporated, will, upon surrender of this coupon to it at Room 914 in the Traction Terminal Building in the City of Indianapolis within sixty (60) days from the date of publication of a notice of redemption by the Company in the three newspapers of largest circulation published in Indianapolis, pay to the holder hereof the sum of six cents (6c) (or twenty-five (25c) for four such coupons), or it will at the option of the holder surrendering this coupon, exchange therefor one free token good for one ride on its system.
INDIANAPOLIS RAILWAYS, INC. Harry Reid, President.'
"I HEREBY FURTHER ORDER that plaintiff shall from day to day during the pendency of this temporary injunction make and keep inviolate separate deposits of money in the Union Trust Company *Page 38 
of Indianapolis in amounts sufficient to make all refunds if the final judgment herein so orders and is affirmed in event of appeals to the higher courts.
"I HEREBY FURTHER ORDER that plaintiff shall provide a written undertaking with surety to the court's approval providing that plaintiff will pay to the defendants all damages and costs which may accrue to them by reason of this temporary injunction, and that plaintiff will make the aforesaid refunds if the final judgment therein so orders and is affirmed in event of appeals therefrom to the higher courts, which required undertaking is now filed by the plaintiff and the same and the surety thereon are now by me approved.
"I HEREBY FURTHER ORDER that while this temporary injunction is in effect, plaintiff shall not be required to accept as payment for transportation tokens purchased at the rate of twenty-five cents for four tokens, but that it shall redeem the same as the same are presented for redemption by the holders thereof to the Company's cashier at Room 914 in the Traction Terminal Building in the City of Indianapolis, Indiana, or to the following named banks in the City of Indianapolis, Indiana, to wit: . . . ."
It is from this order appellant prosecutes this appeal.
Appellant contends that the order which the appellee sought to enjoin under and by virtue of § 54-429, Burns' 1933, is the order of the commission made on January 9, 1946, wherein the 3, 4. commission modified the trial rate for said utility installed on September 5, 1945, and fixed an emergency rate to begin January 21, 1946. If this is the order sought to be reviewed, then the action to review was filed too late, as the same had to be commenced within 60 days after the rendition of said order. § 54-430, Burns' 1933. From our examination of the record herein, it is our opinion that the complaint was not to enjoin said *Page 39 
order of January 9, 1946, but was to enjoin the order of the commission made on June 27, 1946. This order denied the utility's supplemental petition, above described, for the fixing of an emergency increase in its rates pending final disposition. This petition was filed on the theory that an emergency had arisen pending the final disposition of the hearing to determine a permanent rate schedule, which disposition cannot be made for several months all as provided by § 54-712, Burns' 1933. If appellant's theory is correct it would mean that in order for a utility to question a rate schedule the complaint must be filed within 60 days after the imposition of such schedule regardless of any change in condition due to an emergency, or for any other cause that would warrant an increased rate. We do not believe this is the intention of the law. It is our opinion that at any time a schedule becomes unreasonable or confiscatory the utility has the right to make such an objection and to be heard in a court of competent jurisdiction in case of an adverse ruling by the commission. This would be true in the absence of any statute granting the right to a review. Public Service Commission v.City of LaPorte (1935), 207 Ind. 462, 193 N.E. 668; Chicagoc. Railway Co. v. Minnesota (1890), 134 U.S. 418, 33 L.Ed. 908, 10 S.Ct. 462, 702; Ohio Valley Co. v. Ben Avon Borough
(1919), 253 U.S. 287, 64 L.Ed. 908, 40 S.Ct. 527.
Appellant insists that the order complained of amounts to a fixing of rates by the trial court. If this be true the order is invalid as the fixing of rates for a utility is not a 5-7. judicial function and can only be done by the commission. As we view this order, however, the same does not attempt to fix rates but merely restrains the appellant from interfering with the rate charged pendente lite on terms and *Page 40 
conditions which protect appellant and appellee's customers in case the final judgment in the action should be against the appellee as this order provides for an adequate indemnifying bond. Had this order not been made and should the final judgment be in favor of the appellee, then it would suffer an irreparable injury. The granting of this injunction was within the sound discretion of the trial court and will not be disturbed unless contrary to some rule of equity. Prendergast v. N.Y. Tel. Co.
(1923), 262 U.S. 43, 67 L.Ed. 853, 43 S.Ct. 466; Indiana GeneralService Co. v. McCardle (1932), 1 F. Supp. 113 (D.C.S.D. Ind.); Newton v. Consolidated Gas Co. (1921), 258 U.S. 165, 66 L.Ed. 538, 42 S.Ct. 264; Louisiana Water Co. v. PublicService Comm. of Mo. (D.C. Mo. 1923), 294 F. 954. Appeal to U.S. Sup. Ct. dismissed, 269 U.S. 597, 70 L.Ed. 432, 46 S.Ct. 120. What was done here does not prevent the commission from proceeding to fix a reasonable rate for the services performed by the utility and the propriety of its doing so is not questioned
Appellant contends that the true test of whether an emergency exists for an increase in rates is whether the operating revenue of the utility can take care of the operating expenses 8, 9. at present rates until a permanent rate schedule can be determined; with this proposition we cannot agree. It is our opinion that orders affecting rates made by the commission in a proceedings under said § 54-712, Burns' 1933, are not immune from the constitutional requirement of due process of law including the requirement of an adequate hearing to determine whether or not the utility is being compelled to operate under an unreasonable and confiscatory rate due to some emergency.
It must be remembered that this is merely a hearing on an application for a temporary injunction. Such *Page 41 
a hearing is not a trial. The examination made for the 10. decision of the issues in an action for a perpetual injunction is the trial. Pence v. Garrison (1883),93 Ind. 345.
The equitable rules covering this hearing are the same as those covering any other application for a temporary injunction. We approve of the following statement in the case of 11, 12. Indiana General Service Co. v. McCardle, supra,
wherein the facts are similar to those in this case in regard to granting a temporary injunction:
"This is not a final hearing, but only upon petition of plaintiff for an interlocutory injunction, and therefore proof need not be as complete as upon a final hearing. All that is necessary is that plaintiff show that it is prima facie entitled to an injunction; that the injury to plaintiff will be certain and irreparable if the application for an interlocutory injunction be denied, and, if the injunction be granted, that the injury to the opposing party, even if the final decree be in its favor, may be adequately indemnified by bond."
Again it has been said by this court:
"Upon an application for an interlocutory order granting an injunction, it is not necessary that such a case should be made out as would entitle the plaintiff to relief at the final hearing. It is sufficient if the court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity."
Tuf-Tread Corp. v. Kilborn (1930), 202 Ind. 154, 156,172 N.E. 353.
Appellant complains that the trial court, in this hearing, could do no more than set aside and enjoin the *Page 42 
enforcement of the challenged order of June 27, 1946; 13. also, that the trial court was in error in that it did not send to the commission for its consideration, the evidence submitted which had not been offered before the commission; neither of these objections is well taken. The fact that the trial court, on final hearing, could only set aside or enjoin the enforcement of the challenged order of June 27, 1946, has nothing to do with whether or not a temporary injunction can be orderedpendente lite.
Section 54-436, Burns' 1933, provides, if upon a "trial" of an action, such as the one here involved, evidence is introduced which is found by the court to be materially different 14-17. than that offered on the hearing before the commission, the court shall, before proceeding to render judgment, unless waived by the commission, transmit a copy of such different evidence to the commission, which shall be considered by the commission, and after a time specified in said statute, may change its decision and report its action to the court, etc. This provision of our statute by its very terms applies only to the "trial" of the cause by the court and not to the hearing on an application for temporary injunction. Pence v. Garrison,supra. What should guide the trial court in a hearing on an application for a temporary injunction is well stated in City ofLaPorte v. Scott (1906), 166 Ind. 78, 83, 76 N.E. 878:
"The argument advanced by appellants' counsel for a reversal of the interlocutory order is of a character which would be more applicable from their standpoint in seeking to set aside a perpetual injunction in the cause. We are not required, under the circumstances in this appeal, to deal with the question as to whether appellees on the showing made at the preliminary hearing will at *Page 43 
the final hearing be entitled to a perpetual injunction against appellants. The principle is well settled that the granting of a temporary or preliminary injunction in a cause is not, strictly speaking, a matter of right, but as a general rule the awarding thereof on the showing made at the preliminary hearing rests in the sound legal discretion of the trial court. Therefore the order of the court granting such an injunction will not be disturbed on appeal, unless it is made to appear to the satisfaction of the court to which the appeal is prosecuted that there has been a clear abuse of discretion on the part of the trial judge granting the injunction."
Appellant makes the erroneous conclusion that if there was any substantial evidence offered in the hearing before the commission which would fairly support the finding of the commission, 18. that this finding must stand. It is true that courts cannot disturb the finding of an administrative board where the board has conformed to statutory procedural methods and where its decision is supported by substantial evidence, Boardof Medical Registration and Exam. v. Moore (1947),224 Ind. 621, 70 N.E.2d 354; State Board of Medical Registration,etc. v. Scherer (1943), 221 Ind. 92, 46 N.E.2d 602; TerreHaute Gas Corp. v. Johnson (1943), 221 Ind. 448, 48 N.E.2d 56;Warren v. Indiana Telephone Co. (1940), 217 Ind. 93,26 N.E.2d 399, but this rule applies only to the sufficiency of the evidence to support the finding of the board or commission. It does not apply where the order is being questioned as unreasonable or confiscatory. This rule has no application to the granting of a temporary injunction. As we have pointed out what was done by the order appealed from in no way changed the commission's order nor was it an attempt to fix rates. *Page 44 
We have examined the evidence offered by the parties hereto and heard by the court in this application for temporary injunction. Among other items of evidence received favorable to 19. appellee were the verified complaint herein, the affidavits of L.T. Hixson, James T. Long, and Charles Pinkerton, and the testimony of one Harry Reid. We think that these items of evidence tended to prove an emergency not caused by appellee's negligent or careless management, also irreparable injury and confiscation, and taken together were sufficient to support the finding of the trial court herein complained of. This is particularly true when we consider the facts that the trial court has a right to take notice of wage and price trends which at this time are sharply upward. State ex rel. v. Lewis,supra.
There is no merit in appellant's contention that it was error for the trial court to consider the property of the appellee actually used and useful for the convenience of the 20, 21. public at its current fair cash value in determining whether the order appealed from is confiscatory. It is our opinion that in a hearing such as was had here the item of value is material, but we could not expect the trial court to hold an extensive hearing on this particular question. Whether "fair value" is the end product of rate making and not the starting point as seems to be determined in the case of PowerComm'n. v. Hope Gas Co. (1943), 320 U.S. 591, 88 L.Ed. 333, 64 S.Ct. 281, or whether the rate base upon which rates are fixed is determined by § 54-203, Burns' 1933, is a matter to be decided in the final hearing of this cause. The appellee's evidence in this hearing would tend to prove that the rates now in effect yield no return on any valuation. *Page 45 
Finding no error, the order of the trial court granting the temporary injunction is affirmed.
Emmert, J., not participating.
NOTE. — Reported in 72 N.E.2d 434.