ROBERT CARTER *v.* STATE OF INDIANA.

[No. 1-473A65. Filed October 4, 1973.]

*James R. Cotner,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Carter) brings this appeal from a conviction following trial by jury for involuntary manslaughter. He argues two allegations of error: (1) that the trial court erred in overruling his motion to quash the indictment, and (2) that the verdict was not supported by sufficient evidence.

Carter was charged by indictment in two counts—the first being voluntary manslaughter and the second involuntary manslaughter. Carter's argument on appeal was restricted to the sufficiency of the second count, and we, therefore, narrow our consideration to it only.

Carter's overruled motion to quash challenged the indictment as stating facts not constituting a public offense and as not stating the offense with sufficient certainty. Carter's argument centers on the language in the indictment which charged defendant:

"did . . . kill one Barbara Carter, by then and there beating the said Barbara Carter with a blunt instrument and causing her to be overexposed to the elements, thereby feloniously, but involuntarily, inflicting a wound and overexposer [sic] in and upon the said Barbara Carter, of

which wound and overexposer [sic] the said Barbara
Carter . . . died. . . ."

As to whether the offense is stated with sufficient certainty,
the State contends that the necessary implication from the
language of the indictment is that had the victim not been
struck she would not have been overexposed. The indict-
ment, the State argues, "charges that Barbara Carter died
as a result of the wound inflicted in the assault and battery
upon her and of the overexposure to the elements resulting
from such wound." The State's argument must fail because
nothing can be charged by implication. *Hewitt* v. *State* (1908),
171 Ind. 283, 86 N.E. 63. This argument by the State serves
to further illustrate the deficiency in the indictment. No
explanation is offered by the State as to how a wound can
result in an overexposure to the elements. This interpreta-
tion given the indictment by the State varies with what to
us seems a more rational interpretation—that Barbara Carter
died as a combined result of a beating inflicted by the accused
and of overexposure to the elements caused by the accused
when he locked her out of the house when the temperature
was eleven degrees.

The Indiana Supreme Court has interpreted the constitu-
tional provision that the accused be apprised of the "nature
and cause of the accusation against him" to require that
the "gist of an offense shall be charged in direct and unmis-
takable terms." *Hinshaw* v. *State* (1919), 188 Ind. 147, 122
N.E. 418. In addition, a defendant is entitled to be informed
specifically of the crime charged so that he may prepare an
adequate defense. *Loveless* v. *State* (1960), 240 Ind. 534,
166 N.E.2d 864. The indictment charging Carter falls short
of these standards. Carter's motion to quash should have
been sustained.

As a result of our decision that the indictment failed to
state the offense with sufficient certainty, we need not decide
whether the facts alleged therein constituted a public offense.

Also, it is unnecessary to pass on Carter's second allegation of error raised in this appeal, that being whether the verdict was supported by sufficient evidence.

The judgment is reversed, and the cause remanded, with instructions to the trial court to quash the indictment.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 301 N.E.2d 524.