**INDIANA BOARD OF PHARMACY, Appellant-Respondent,**

v.

**Curtis Ray CRICK, Appellee-Petitioner.**

No. 2-481A121.

Court of Appeals of Indiana, Fourth District.

March 24, 1982.

Linley E. Pearson, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Indianapolis, for appellant-respondent.

Roy F. Spilker, Byrum Gagnon Diehl & Stippler, Indianapolis, for appellee-petitioner.

YOUNG, Judge.

The appellant Indiana Board of Pharmacy appeals the trial court's judgment which reversed in part the Board's decision to revoke Curtis Ray Crick's license to practice pharmacy. On appeal, the Board argues that the court erred in concluding that 1) the Board had found Crick guilty of an infraction not charged; 2) the Board had attempted to exercise criminal jurisdiction thereby violating constitutional rights; 3) there was no substantial, reliable, and probative evidence in the record to support the Board's conclusion that Crick misbranded a drug in violation of Ind.Code 16–1–30–5 and 9; and 4) the Board acted arbitrarily and capriciously when it originally found Crick in violation of six different provisions and amended its finding essentially to that Crick failed to label a prescription and then imposed the same penalty as it had for the six violations.

We affirm.

The evidence indicates that prior to the incident in question Crick was a licensed pharmacist. On February 25, 1978, while working at Hook's Drug Store # 42, Vernal Troxell approached Crick to have his prescription refilled. Troxell told Crick he had lost or misplaced the prescription bottle; however, he would bring it in when he found it so Crick could record the prescription number. Troxell had lost his prescription on other occasions. When he had found it, he brought it to Crick to record the prescription number and other neces-

sary information. Crick refilled the prescription without the bottle and prescription number, giving Troxell 60 tablets of Empirin Compound No. 4 with codeine in an unlabeled bottle. Security officers witnessed the transaction and stopped Troxell to interrogate him. The officers recovered the tablets and the unlabeled bottle.

Based on this incident, the Indiana Board of Pharmacy sought to discipline Crick under Ind.Code 25–26–13–26.[1] In its notice, the Board alleged that Crick had: 1) distributed a Schedule III controlled substance without proper authorization contrary to I.C. 35–48–4–2 and 2) contrary to Regulation 6.21(A); 3) refilled a Schedule III controlled substance without proper authorization contrary to Regulation 6.22; 4) dispensed a Schedule III controlled substance without proper labeling contrary to Regulation 6.24; 5) made up an invalid prescription and dispensed a legend drug contrary to I.C. 16–6–8–3.5(a)(c); 6) kept improper records contrary to Regulation 304.04(d)(2); 7) failed to keep complete records contrary to Title 21, Code of Federal Regulations 1304.24; and 8) failed to label a drug delivered to an unauthorized person contrary to I.C. 16–1–30–5 and 9. After the Board heard evidence, it incorporated the charges into its findings and found that Crick had committed all violations as charged, except for the sixth and seventh charges which were deleted at the hearing. Based on their findings, the Board suspended Crick's license for six months, fined him one thousand dollars, and placed him on probation for 360 days after the suspension was removed.

On receipt of the Board's order, Crick petitioned for judicial review and filed a motion for remand for entry of specific findings. The court ordered the cause remanded and the Board amended its findings and conclusions as follows:

"Rhetorical paragraphs 1, 2, 3, 4, 5, and 8 of the Findings of Fact of the Indiana Board of Pharmacy in this matter [all previous findings], which are the subject of the above-described judicial review, are hereby withdrawn and replaced by the following amendments to read:

1. Curtis Ray Crick is a licensed pharmacist under the laws of the State of Indiana, having pharmacist license number 11336, and was so licensed on February 25, 1978.

2. On February 25, 1978, Vernal Troxell entered the Hook Drug Store at Southway Plaza in Muncie, Indiana, while the respondent, Curtis Ray Crick, was a pharmacist on duty at the said store, and secured from respondent a bottle containing tablets of Empirin Compound with Codeine Phosphate No. 4, a Schedule III controlled substance that had no identification affixed to it which identified its contents as Empirin Compound with Codeine Phosphate No. 4.

3. That the said bottle also had none of the following information:

a. the pharmacy name and address of Hooks at Southway Plaza;

b. the serial number and date of the filling of the bottle;

c. the name of Vernal Troxell;

d. the name of a doctor;

e. directions for use of the contents of the bottle;

---

1. Ind.Code 25–26–13–26 provides in part:

(a) The board may revoke, suspend, refuse to issue or renew any license or permit for any of the following reasons:

(1) If the holder or applicant has been convicted of a felony or a misdemeanor involving the sale of drugs or if the act from which the conviction resulted has a direct bearing on whether he should be entrusted to serve the public as a pharmacist.

.    .    .    .    .

(8) If the holder or applicant has violated any of the provisions of this chapter or the rules or regulations of the board.

(b) The board may place a license or permit holder on probation for not more than three hundred sixty (360) days for any of the reasons enumerated in subsection (a) of this section.

(c) In addition to suspension or probation, the board may assess a fine against a license or permit holder for any of the reasons enumerated in subsection (a) of this section. A fine may not exceed one thousand dollars ($1000) for each occurrence.

f. the statement "Federal law prohibits the transfer of this drug to any person other than the patient for whom it was prescribed";

g. the name and place of business of the manufacturer, packer, or distributor of the contents;

h. an accurate statement of the quantity of the contents of said bottle in terms of weight, measure, and numerical count.

## CONCLUSIONS OF LAW

1. Curtis Ray Crick did knowingly, intentionally, and unlawfully dispense a Schedule III controlled substance without proper labeling affixed to the package, contrary to Regulation 6.24 pertaining to the Indiana Uniform Controlled Substances Act, I.C. 25–26–13–26 of the Pharmacy Practice Act, Regulation 20 of the Pharmacy Practice Act Regulations and subject to discipline by terms of I.C. 25–26–13–26.

2. Curtis Ray Crick failed to label a drug in any manner required by I.C. 16–1–30–5 and I.C. 16–1–30–9, contrary to I.C. 25–26–13–26 of the Pharmacy Practice Act, Regulation 20 of the Pharmacy Practice Act Regulations and subject to discipline by terms of I.C. 25–26–13–26."

The Board imposed the same discipline as it had originally assessed.

**2.** I.C. 4–22–1–18 provides the standard of review:

"On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act.

On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

After reviewing the record and these new findings, the trial court made its findings setting out the Board's findings and its own standard of review under I.C. 4–22–1–18.[2] It then prepared its own additional findings and conclusions:

"16. ... The Court further finds that the conclusion reached by the Indiana Board of Pharmacy in its amended conclusion as set forth above was that Curtis Ray Crick did dispense a bottle of Empirin Compound with Codeine Phosphate No. 4 without a label which the Board concluded was in violation of:

(a) I.C. 16–1–30–5

(b) I.C. 16–1–30–9

(c) Rule 20 of the Indiana Board of Pharmacy

(d) Regulation 6.24 of the Indiana Board of Pharmacy

The Court further finds that violation of I.C. 16–1–30–5 and I.C. 16–1–30–9 are by statute (I.C. 16–1–28–17) misdemeanors and that jurisdiction to try misdemeanors is contained within I.C. 33–9–1–4 and the Court further finds that the Indiana Board of Pharmacy attempted to conclude that Curtis Ray Crick was guilty of violating Rule 20 and that the first time that Rule 20 is or was ever referred to by the Indiana Board of Pharmacy was in the amended conclusions of the Board, and

(3) In excess of statutory jurisdiction, authority or limitations, or short or statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed...."

The statute further provides that the court may set aside the agency determination if arbitrary, contrary to a constitutional right in excess of statutory jurisdiction without observance of required procedure, or unsupported by substantial evidence.

17. The Court further finds from the evidence as a whole, which includes the record of proceedings, that the Indiana Board of Pharmacy acted arbitrarily and capiciously [sic] and in the abuse of its discretion agains [sic] the petitioner in bringing against the petitioner charges of criminal wrong doing; finding the petitioner guilty of criminal wrong doing; levying a penalty of six (6) months' suspension, a One Thousand Dollar ($1000) fine and one (1) year probation for a finding of guilt of felonies, misdemeanors and rule violations, only thereafter to dismiss all but dispensing without a label, and thereafter entering a conclusion that the petitioner was guilty of committing a misdemeanor, that the petitioner was guilty of violating a rule with which he was never charged of violating, and thereafter re-assessing the same penalty of six (6) months' suspension, One Thousand Dollar ($1000) fine and a one (1) year probation.

18. The Court finds that the Indiana Board of Pharmacy's authority to revoke and suspend licenses and to impose fines is delineated at I.C. 25–26–13–26.

### CONCLUSIONS OF LAW

1. That the Indiana Board of Pharmacy is without jurisdiction to hear or try criminal charges pursuant to I.C. 33–9–1–4 and that attempts by the Board to find Curtis Ray Crick guilty of violating I.Cl [sic] 16–1–30–5 and I.C. 16–1–30–9 are violations of Curtis Ray Crick's constitutional rights of the process.

2. That the Indiana Board of Pharmacy never charged Curtis Ray Crick with violating Rule 20 of the Indiana Board of Pharmacy and that an attempt to find and conclude that Curtis Ray Crick is guilty of an infraction not charged is a further breach of Curtis Ray Crick's constitutional rights of due process.

3. That, of the Board's conclusions of law, the only conclusion supported by substantial, reliable and probative evidence is the conclusion that Curtis Ray Crick did knowingly, intentionally, and unlawfully dispense a Schedule III controlled substance without proper labeling affixed to the package, contrary to Regulation 6.24 pertaining to the Indiana Uniform Controlled Substances Act and I.C. 25–26–13–26 of the Pharmacy Practice Act. Curtis Ray Crick did by his own admission acknowledge so dispensing such a controlled substance."

Based upon these findings and conclusions, the court set aside the Board's decision and remanded the case to the Board for findings and conclusions consistent with its opinion.

After the Board filed its Motion to Correct Errors the court corrected its findings and conclusions:

"The Court further finds that the conclusion reached by the Indiana Board of Pharmacy in its amended conclusion as set forth above was that Curtis Ray Crick did dispense a bottle of Empirin Compound with Codeine Phosphate No. 4 without a label which the Board concluded was in violation of:

(a) I.C. 16–1–30–5

(b) I.C. 16–1–30–9

(c) Rule 20 of the Indiana Board of Pharmacy

(d) Regulation 6.24 of the Indiana Board of Pharmacy

The Court further finds that violation of I.C. 16–1–30–5 and I.C. 16–1–30–9 are by statute (I.C. 16–1–28–17) misdemeanors and that the Indiana Board of Pharmacy lacks jurisdiction to convict petitioner of misdemeanors; I.C. 25–26–13–26(1) requires a felony or misdemeanor *conviction.* Court also finds that the Indiana Board of Pharmacy attempted to conclude that Curtis Ray Crick was guilty of violating Rule 20 and that the first time that Rule 20 is or was ever referred to by the Indiana Board of Pharmacy was in the amended conclusions of the Board.

### CONCLUSIONS OF LAW

The Court's Conclusion of Law number 1 is corrected to read as follows:

1. That the Indiana Board of Pharmacy is without jurisdiction to hear or try criminal charges; that attempts by the Board to find Curtis Ray Crick guilty of violating I.C. 16–1–30–5 and I.C. 16–1–30–9 are violations of Curtis Ray Crick's constitutional rights of due process.

The Court, pursuant to its findings of fact and conclusions of law hereby reaffirms its ORDER of June 17, 1980."

■ At the outset we address the argument raised by Crick in his petition to amend his brief.[3] Crick contends that Rule 20 had no statutory authority at the time the violations occurred because I.C. 25–26–1–2.5, providing the authority, was repealed by Public Law Number 276 on July 1, 1977. He continues this contention by stating there were no rules or regulations of the Pharmacy Board appointed under I.C. 25–26–13 in effect because the Board created under P.L. 276 was not in effect until July 1, 1977, and therefore could not have promulgated any rules or regulations prior to that date. Crick omits subsection (a) of this section, an important part of the P.L. 276, now I.C. 25–26–13. Acts 1977, P.L. 276, Section 2(a) and (c) provide:

"The members of the Indiana board of pharmacy holding office under I.C. 25–26–1 are continued in office as if appointed under I.C. 25–26–13–3." ... "The rules and regulations of the Indiana board of pharmacy appointed under I.C. 25–26–13, in effect on June 30, 1977, are in effect until amended or repealed by the board created by I.C. 25–26–13–3."

Subsection (a) continues the authority of the Board existing prior to the repeal of the statute, as the proper board under the new statute. Thus, there was a Board existing prior to July 1, 1977, with continuing authority, whose rules and regulations were effective under Subsection (c) until repealed. Rule 20 was not repealed at the time of this incident. Consequently, we find no merit to this new argument raised by Crick.

We now discuss the Board's allegation that the trial court erred when it found that the Board never charged Crick with a Rule 20 [4] violation and therefore could not find a Rule 20 violation for the first time in its amended findings without depriving him of his right of due process. The Board charged Crick with a violation of I.C. 35–48–4–2 for unlawfully distributing a Schedule III controlled substance without proper authorization, and for failing to label the same substance contrary to I.C. 16–1–30–5 and 9 and Regulation 6.24. These charges specified the date, place, and substance involved in the incident. However, the Board did not charge Crick with a Rule 20 violation or mention it at anytime, in the hearing or otherwise, until it appeared in the

---

**3.** This argument could be construed as a claim that the Board lacked subject-matter jurisdiction. Because subject-matter jurisdiction can be raised for the first time on appeal, *Indiana Bell Telephone Co. v. Friedland*, (1978) Ind. App., 373 N.E.2d 344, we address this issue.

**4.** Rule 20, as it existed on the date of this incident is found at Burns Ind.Admin.Rules and Regulations (25–26–5–1.1) 2:

"The term gross immorality as used in the Acts of 1911, Chapter 177, Section 3 (Burns Code, 25–26–5–1.1), pertaining to the revocation of a certificate of registration to practice as a pharmacist shall be the same as used by the Indiana Supreme Court in *Indiana Board of Pharmacy v. Haag* (1916), 184 Ind. 333, 111 N.E. 178, and shall also mean and include, but not be limited to, the following acts, omissions and practices on the part of a registered pharmacist:

(a) The violation of any of the laws of this state or of the United States pertaining to the practice of pharmacy or the violation of any laws of this state or of the United States pertaining to the sale, handling, dispensing or distribution of narcotics or other dangerous drugs; or the violation of any rules and regulations of the Indiana Board of Pharmacy or of the U.S. Department of Treasury, Bureau of Narcotics, and executive proclamations of the President of the United States, which pertain to the practice of pharmacy and the sale, handling, dispensing or distribution of narcotic or other dangerous drugs; or the refusal to comply with any of the laws or rules and regulations of this state or of the United States pertaining to the practice of pharmacy or the sale, handling, dispensing or distribution of narcotics or other dangerous drugs."

The current version can be found at 856 IAC 1–20–1.

amended findings.[5] The Board argues that Rule 20 is present in the Notice by necessary implication.[6]

■ Under the Administrative Adjudication Act charges need not be detailed. I.C. 4–22–1–6. "[T]he notice shall set forth therein a sufficient statement of all matters of fact or law to advise such person of the matters in issue and to be heard or determined by said agency . . . . Said statement may be informal and need not conform to the requirements of a pleading in court." *Id.* Although due process requirements are honored when the charges contain "sufficient facts . . . to inform the license holder of the nature of the accusation against him," *Board of Medical Registration & Examination v. Moore,* (1947) 224 Ind. 621, 70 N.E.2d 354, the charges must contain all matters of fact or law which are to be determined. I.C. 4–22–1–6.

■ In the present case, the Board was attempting to discipline Crick under the authority given in I.C. 25–26–13–26. The relevant part of the section permits the Board to revoke or suspend a pharmacist's license for the following reasons:

"(1) If the holder or applicant has been convicted of a felony or a misdemeanor involving the sale of drugs or if the act from which the conviction resulted has a direct bearing on whether he should be entrusted to serve the public as a pharmacist.

. . . . .

(8) If the holder or applicant has violated any of the provisions of this chapter *or the rules or regulations of the board."*

**5.** The Board also failed to note that the Criminal Code violations were incorporated into Rule 20.

**6.** The Board cites *Carter v. State,* (1973) 158 Ind.App. 27, 301 N.E.2d 524 to support its argument that notice was sufficient. However, *Carter* states that nothing can be charged by implication. *Id.*

**7.** Nothing in the record indicates that Crick was ever charged or tried for any of these alleged Criminal Code violations.

**8.** Nor was the question of whether the Board exceeded its statutory authority by incorporating criminal statutes into their rules in view of

*Id.* (Our emphasis). The only allegations contained in the charging instrument which were sufficient for license suspension under I.C. 25–26–13–26 were the violations of the regulations. The alleged Criminal Code violations, without convictions [7] or the specification of a board rule incorporating them, were insufficient to support a suspension. Crick prepared his defense accordingly. He had no criminal convictions to invoke I.C. 25–26–13–26(a)(1). Without specifying that the violations of the criminal statutes were also violations of a Board rule, Crick was only required to defend against the regulations charges under I.C. 25–26–13–26(a)(8). The issue of whether or not he violated a Board rule in so violating the criminal statutes was not placed in issue.[8] Therefore, the court did not err in concluding that Crick was not charged with a Rule 20 violation and could not be disciplined on that basis.

■ Without a Rule 20 charge, I.C. 16–1–30–5 and 9 [9] violation findings are irrelevant because they serve only as a basis for suspension in connection with Rule 20. Even if supported by sufficient evidence, they are insufficient as a matter of law to support the disciplinary action. Thus, the finding of a violation of Regulation 6.24 is the only one which could properly be used to support discipline under the circumstances of this case.[10]

■ The trial court also held that the Board acted arbitrarily and capriciously in

the revocation statute requiring a conviction for misdemeanors and felonies placed in issue.

**9.** I.C. 16–1–30–5 and 9 set forth elements of misbranding in the sale of drugs and are classified as misdemeanors under I.C. 16–1–28–17.

**10.** Crick sets forth I.C. 25–26–13–26 that "a pharmacist shall exercise his professional judgment in the best interests of a patient's health, . . ." I.C. 25–26–13–16. He argues that his exercise of his professional judgment should prevail over the labeling violation. This section does not authorize a pharmacist to disobey a rule or regulation under the facts and circumstances of this case.

charging Crick with criminal wrongdoing and finding him guilty of the same, in imposing a six month suspension, a one thousand dollar fine, and one year probation only thereafter to dismiss all charges except dispensing a prescription without a label and violating a rule never charged and then reassessing the same discipline. "Arbitrary and capricious" action on the part of an administrative board means willful and unreasonable action, without consideration and in disregard of the facts and circumstances of the case, or action taken without some basis which would lead a reasonable and honest man to such action. *Indiana Civil Rights Commission v. Sutherland Lumber,* (1979) Ind.App., 394 N.E.2d 949. The trial court's review of the Board's decision to suspend Crick's license, place him on probation, and fine him was within the purview of its judicial discretion. The trial court found that, based on the evidence as a whole, the Board acted arbitrarily and capriciously and in abuse of discretion in imposing the same penalty as was imposed originally for a larger number of violations. When the Board imposed the same penalty for two violations as it had imposed for six violations, including dispensing a drug without a prescription, the Court could conclude that the Board acted in disregard to the facts and circumstances as changed in their new findings. We cannot on appeal substitute our discretion for that of the trial court. *See Indiana State Board of Dental Examiners v. Levin,* (1966) 247 Ind. 186, 213 N.E.2d 897.

We affirm the trial court which affirmed the Board in part, reversed the Board in part, and remanded the case to the Board for proceedings consistent with its determination.

Affirmed.

MILLER, P. J., and CONOVER, J., concur.